PER CURIAM.
Efren Yero, who was tried as an adult and convicted by jury of sexual battery, appeals his adjudication of guilt and sentence to 155 years imprisonm'ent.
Yero, aged 16, was charged with sexual battery upon J. G. who was then under 11 years of age. Upon defense request, the court ordered the witnesses sequestered.
Despite the invoking of the rule, the prosecutor met with several of the witnesses (who had not yet been sworn) on the morning of the first day of trial. The witnesses present at this meeting were the victim, another child who ultimately testified to similar acts by the defendant, and the parents of those children. Further, someone from the State Attorney’s Office was seen discussing the case with another witness. The court made inquiry about the violation of the rule and was advised by the witnesses that there was no change in their testimony inspired by the meeting. The lower court denied a motion for mistrial.
The jury convicted Yero of sexual battery, and the court sentenced him to 155 years in prison. The trial court did not enter a separate order about her decision to impose adult sanctions, as required by § 39.111(6)(d). The judge did, however, enter a lengthy order retaining jurisdiction. In that order, the judge detailed the violent nature of the criminal act, Yero’s lack of remorse, and his previous record.[1]
*340 The appellant urges error in the witnesses violating the sequestration rule and the trial court failing to enter a separate order as to her decision to impose adult sanctions. We find no merit in either ruling and affirm. Dumas v. State, 350 So.2d 464 (Fla.1977); Rowe v. State, 120 Fla. 649, 163 So. 22 (1935); Schroeder v. State, 391 So.2d 260 (Fla. 4th DCA 1980); Matire v. State, 232 So.2d 209 (Fla. 4th DCA 1970).
Affirmed.[2]

. THE DEFENDANT, Efren Yero, was convicted by a jury of an involuntary sexual battery upon a person 11 years of age pursuant to F.S. 794.011(2). A Pre-Sentence Investigation Report was ordered as the Defendant had been found guilty of a first felony while an adult. Upon consideration of the Pre-Sentence Investigation Report and the facts of the case presented at trial, the Court finds it appropriate and in the best interest of the public to retain jurisdiction of the offender to review any Florida Parole and Probation Commission release order under the provision of Section 947.16, Florida Statutes.
After being fully advised of the prior history of juvenile delinquency of the Defendant, Efren Yero, age 16, through the Pre-Dispositional Report submitted by the Department of Health and Rehabilitative Services, and after having considered carefully the various statutory criteria regarding sentencing of a chronological juvenile in Adult Court set forth in Chapter 39, Florida Statutes, and making a written finding that adult sanctions and incarceration are necessary in this case, and after considering all reports submitted by Court-appointed and defense-retained psychiatrists in this case as well as the Pre-Sentence Investigation, the Court makes the following findings.
There is ample justification for entry of an order by this Court retaining jurisdiction over the Defendant, Efren Yero, for review of any future release order of the Florida Parole and Probation Commission and accordingly states the reasons therefor with particularity as follows:
(1) The acts of the Defendant, Efren Yero, are serious, and that the crime was committed in a violent, aggressive, willful and premeditated manner.
(2) The Defendant was convicted of a sexual battery upon a minor which involved the use of intentional violence upon the minor. In partic *340 ular, the Defendant induced a neighbor child into the Defendant’s parents’ bedroom, handcuffed the victim to the bed, held a starter gun to the victim’s head and forced the victim to commit oral copulation upon the Defendant. (A more detailed statement of the facts are contained within the Pre-Sentence Investigation Report attached hereto and made a part hereof.)
(3) The crime was committed against a person, to wit: J. G., an eleven (11) year old male with similar fact evidence introduced at trial about the rape of R. M., age 8, a day prior.
(4) The crime committed involved the infliction of both mental and physical pain and suffering.
(5) The Defendant has an extensive prior juvenile arrest and conviction record, beginning at age 8, as well as many contacts with law enforcement agencies, Juvenile Courts, Court-appointed psychiatrists and psychologists, social workers and juvenile state schools. The summary of the experts’ opinions are that the Defendant is capable of violent and aggressive behavior, is impulsive, unpredictable and potentially dangerous.l
(6) The Defendant has shown no remorse, repentance or contrition for his acts.
(7) The Parole and Probation officer who prepared the Pre-Sentence Investigation Report strongly recommends he should receive a lengthy period of incarceration.
(8) The Defendant is 16 years of age and by actuarial count has many years of life ahead of him. Based upon the nature of the offense, his extensive prior criminal involvement, substantial drug abuse, and his disregard of the criminal justice system’s rehabilitative efforts, the Court finds the Defendant a serious threat and danger to society.
Accordingly the Defendant is sentenced to 155 years in the state penitentiary and under the provisions of Florida Statute 947.16, this Court retains jurisdiction over the offender for review of a Commission release order during the first third of the sentence imposed.
!This Court has witnessed a violent outburst by the Defendant in the courtroom on the day of the previous trial in which he used foul language and threatened to kill the judge and prosecutor.

. This affirmance is without prejudice to the appellant filing a Rule 3.850 motion urging ineffectiveness of trial counsel in respect to matters which may require an evidentiary hearing.