625 So.2d 1251 (1993)
Mark JOHNSON, Petitioner,
v.
Harry SINGLETARY, Secretary of Florida Department of Corrections, Etc., Respondent.
No. 93-334.
District Court of Appeal of Florida, Third District.
September 14, 1993.
Rehearing Denied November 23, 1993.
Mark Johnson, in pro. per.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash and Richard L. Polin, Asst. Attys. Gen., for respondent.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
We grant Mark Johnson's petition for writ of habeas corpus. We hold that he was prejudiced by his appellate counsel's deficient performance, Meyer v. Singletary, 610 So.2d 1329 (Fla. 4th DCA 1992), and is entitled to relief as to two issues. Petitioner's remaining points lack merit.
Johnson was convicted of felony murder, burglary with an assault and a firearm, armed robbery, and possession of a firearm while engaged in a criminal offense. The court enhanced the robbery conviction based on the firearm possession pursuant to section 775.087, Florida Statutes (1989), and imposed a three-year minimum mandatory sentence on the burglary conviction for possession of a firearm. As the state correctly concedes, it is a double jeopardy violation to enhance the robbery conviction and to convict and sentence Johnson on the separate count of possession of a firearm in the commission of the felony for the single act involving the use of the same firearm. Cleveland v. State, 587 So.2d 1145, 1146 (Fla. 1991); Mobly v. State, 614 So.2d 1230 (Fla. 3d DCA 1993).
The state also concedes that Johnson's three-year minimum mandatory sentence for possession of a firearm on the burglary conviction is error. The state recognizes that Johnson was not accused of being in actual possession of a firearm, and that no evidence was introduced demonstrating he possessed one. Thus, the minimum mandatory sentence was improper. Stripling v. State, 602 So.2d 663 (Fla. 3d DCA 1992); Belcher v. State, 550 So.2d 1185 (Fla. 5th DCA 1989).
Appellate counsel should have raised these points on appeal. His failure to do so demonstrates a deficient prejudicial performance. Accordingly, we grant the petition for writ of habeas corpus, vacate the conviction and sentence for possession of a firearm, and vacate the three-year minimum mandatory sentence *1252 on the burglary conviction. We remand for further proceedings.
Habeas corpus granted; cause remanded.