STONE, Judge.
We reverse Appellant’s sentence in part as to counts II and III. It is undisputed that, as these were third degree felonies, the mandatory minimum aspect of Appellant’s violent habitual offender sentence should be five years. § 775.084(4)(b)(3), Fla.Stat. (1994). It was therefore error to specify a longer mandatory minimum in the sentence.
In all other respects, the judgment and sentence are affirmed. We comment on two of the issues raised, the first involving a double jeopardy claim and the other, that the court erred in restricting defense counsel’s questions on voir dire.
Appellant was convicted of carrying a concealed weapon, a firearm, in addition to convictions on other counts for attempted armed robbery and assault with a firearm (on separate victims). The concealed firearm conviction was pursuant to section 790.01(2), Florida Statutes.
Appellant alleges that he has been placed in double jeopardy, citing Cleveland v. State, 587 So.2d 1145 (Fla.1991); Johnson v. Singletary, 625 So.2d 1251 (Fla. 3d DCA 1993); and Stearns v. State, 626 So.2d 254 (Fla. 5th DCA 1993). However, we deem these authorities inapposite, as in each case, the separate firearm charge involved using, or carrying, a weapon or firearm while committing or attempting to commit the separate felony under section 790.07, Florida Statutes. That section provides:
(1) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any weapon ... or carries a concealed weapon is guilty of a felony of the third degree,....
(emphasis added) Clearly a defendant could not be validly convicted under both section 790.07 and 790.01. Walton v. State, 360 So.2d 50 (Fla. 2d DCA 1978). Nor may a defendant be convicted under 790.07 for an offense for which the felony has been, as *464 here, already enhanced by use of the weapon or firearm. Cleveland.
In this case, however, the concealed firearm charge is separate and distinct, having been completed, albeit momentarily, before that same firearm was also used in attempting a robbery on one victim and committing an assault on the other. And it remains a separate and distinct charge notwithstanding that the convictions for the other two charges were enhanced by use of the firearm in committing those offenses.
Applying section 775.021, Florida Statutes, and the principles of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we conclude that each crime constituted a separate offense, although all were committed in the course of one ongoing “transaction” from the time Appellant entered the store carrying the concealed weapon.
We also find no abuse of discretion in the court’s restricting one aspect of the defense’s voir dire inquiry. Defense counsel, knowing that two witnesses had identified Appellant as the perpetrator, attempted to question prospective jurors about their personal experiences; specifically, whether they had ever thought they recognized someone only to discover that the person was a stranger. The court did not allow the questions posed, apparently concerned that defense counsel was trying to go into the facts of the case and precondition the jurors’ response to the evidence and the credibility of the witnesses. The state’s questions were similarly limited.
When asked by counsel whether any questions of this nature would b.e allowed, the court responded:
THE COURT: It depends on what the question is. At this point you are getting into the facts of the case. You are trying to get a commitment on those facts and I won’t permit you to do that. I didn’t permit the State to go into it. I am not going to permit you to go into it.
We recognize that generally counsel should be allowed to inquire as to a juror’s ability to discern what their role will be in weighing the evidence and law in addition to inquiry regarding possible bias. Here, however, the court concluded that the purpose of the questions was to have jurors pre-weigh the witnesses’ credibility.
Although we recognize that the court could, and perhaps should, have afforded counsel more leeway, the court’s ruling did not rise to the degree of abuse of discretion mandating reversal. See generally Moody v. State, 418 So.2d 989 (Fla.1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1213, 75 L.Ed.2d 451 (1983); Essix v. State, 347 So.2d 664 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 185 (Fla.1978).
Therefore, the judgment of conviction is affirmed and we remand for resentencing as to counts II and III.
ANSTEAD and GLICKSTEIN, JJ., concur.