753 So.2d 578 (1999)
Richard Dwayne EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3091.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Edwards' conviction and his sentence imposed for armed burglary pursuant to section 775.082(8), Florida Statutes (1997), known as the Prison Releasee Reoffender Act.
During voir dire, Edwards attempted to ask prospective jurors what they look for in evaluating a witness's credibility. The state objected and Edwards argued that he was trying to determine whether the prospective jurors felt that an oath implied that the witness is going to tell the truth and further, that the purpose of exploring this area was to discern the tools the jurors would use in evaluating the credibility of a prospective witness who had agreed to testify in the case incident to a plea agreement with the state.
We find no abuse of discretion in the trial court's refusal to allow the questions posed here, which the court concluded were calculated to pre-judge the credibility of a witness. See Gunn v. State, 641 So.2d 462 (Fla. 4th DCA 1994). We recognize that counsel must be permitted to "probe attitudes, beliefs and philosophies for ... hidden biases and prejudices." Lowe v. State, 718 So.2d 920, 923 (Fla. 4th DCA 1998). However, a trial judge enjoys broad discretion in determining the scope of voir dire. See Vining v. State, 637 So.2d 921 (Fla.1994). We have considered Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998), upon which Edwards relies, and deem it distinguishable. In that case, the disallowed voir dire questions addressed possible juror bias and ability to render a fair and impartial verdict, not a pre-determination of witness credibility, as Edwards attempted here.
Edwards also challenges the constitutionality of section 775.082(8)[1], Florida Statutes, on grounds of substantive due process, cruel and unusual punishment, and vagueness. This court has previously *579 rejected all such challenges. See Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999); Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); accord Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), rev. granted, 740 So.2d 529 (Fla. 1999).
As to all other issues, we also affirm.
DELL and SHAHOOD, JJ., concur.
NOTES
[1] In 1998, the statute was re-numbered from subsection (8) to (9) by chapter 98-204, § 10 at p.1966 Laws of Florida.