PER CURIAM.
We affirm appellant’s conviction and sentence as a prison releasee reoffender, finding that the statute is constitutional. See Edwards v. State, 753 So.2d 578 (Fla. 4th DCA 1999); Simmons v. State, 755 So.2d 682 (Fla. 4th DCA 1999), rev. granted, no. SC96465, 751 So.2d 1253 (Fla. Jan. 18, 2000); Jennings v. State, 744 So.2d 1126, 1128 (Fla. 4th DCA 1999); Rollinson v. State, 743 So.2d 585, 587-90 (Fla. 4th DCA 1999).
We reverse and vacate the misdemeanor judgment and conviction under count II of the information. As part of the plea agreement, the state agreed to nolle prosse the charge and appellant did not enter a plea as to the same. Therefore, the court erred in entering a judgment and sentence on count II. See Lingenfelser v. State, 734 So.2d 472, 473 (Fla. 4th DCA 1999). On remand, the state should abide by its plea agreement and enter a nolle prossequi as to the misdemeanor charge.
WARNER, C.J., FARMER and TAYLOR, JJ., concur.