PER CURIAM.
Gary Perrot appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Perrot raises sixty-six claims, many containing subparts. We affirm without discussion the trial *86 court’s denial of all claims except one. The trial court’s order fails to address a portion of Perrot’s twenty-fourth claim in which Perrot asserts that his counsel was ineffective for failing to object or move for a mistrial after the prosecutors allegedly admitted to meeting with witnesses to discuss the case after defense counsel had invoked the rule sequestering witnesses. We reverse as to this claim only.
Perrot asserts that during trial, his counsel invoked the rule sequestering witnesses. See Dumas v. State, 350 So.2d 464, 466 (Fla.1977) (holding “rule of sequestration is a procedural device available to purify trial testimony when counsel for either side believes it to be advantageous”). The transcript reveals that the trial court stated, “[t]he rule will apply to all witnesses from this point forward.” Perrot asserts that after the rule was invoked, the prosecutors admittedly met in a conference room with several witnesses, including the victim, to discuss the case.
Perrot contends that his counsel should have objected to this and moved for a mistrial. At a minimum, Perrot asserts that his counsel should have requested the court to make inquiry of the witnesses individually to determine what was discussed at that meeting. Perrot contends that, because of his counsel’s inaction, the witnesses’ testimony was colored by the prosecutors relaying to them what needed to be said or covered based on the testimony of prior witnesses.
The trial court’s order fails to address this portion of Perrot’s claim. We conclude that it warrants further proceedings. Although Perrot asserts in his motion that one of the prosecutors stated they had only discussed at the meeting the court’s ruling as to why the witnesses testified out of sequence, Perrot asserts the other prosecutor stated, “[w]e discussed the case.” This suggests that the prosecutors discussed more than just the court’s ruling at their meeting. Moreover, the record shows that two of the witnesses identified as being at that meeting, including the victim, testified after the witness who was testifying at the time the sequestration rule was invoked. The witness who was testifying at the time the rule was invoked testified to Perrot having committed a similar crime against her.
If, as Perrot asserts, the prosecutors discussed what the other two witnesses needed to testify to based on the testimony of this prior witness, Perrot would have been prejudiced if their testimony was influenced by what was discussed at the meeting. Cf. Yero v. State, 420 So.2d 338 (Fla. 3d DCA 1982) (holding no error in witnesses violating sequestration rule where court made inquiry about violation and was advised by witnesses that there was no change in their testimony inspired by their meeting with prosecutor). It is simply impossible to tell from the record before this court.
We accordingly reverse and remand for further proceedings on this claim only. On remand, the trial court shall either attach those portions of the record that conclusively refute this claim or, if there are none, shall conduct an evidentiary hearing on it to determine whether counsel was ineffective.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and FULMER and WHATLEY, JJ., Concur.