PER CURIAM.
Richard Edwards seeks review of an order that denied his rule 3.850 motion for post-conviction relief. We reverse and remand for further review of one of Edwards’ two points.
Edwards argues that trial counsel was ineffective in failing to insist that the trial court interview witnesses in connection with an alleged violation of the rule of sequestration. Edwards alleges:
Had defense counsel made a request to the court to interview Carrie Ferguson and Virginia Edwards, it would have been established that K-9 Officer McCann discussed his testimony with the State’s other witnesses in violation of the rule of sequestration and that his in-court identification of Edwards was the product of a recent fabrication stemming from those discussions.
We find that his claim is legally sufficient. Steinhorst v. State, 412 So.2d 332 (Fla.1982); see generally Perrot v. State, 765 So.2d 85 (Fla. 2d DCA 2000).
The record reveals that counsel moved for a mistrial based on the alleged violation, but did not offer testimony from the relevant witnesses. On direct appeal, Edwards challenged the denial of the motion for mistrial. The case was per curiam affirmed. Edwards v. State, 753 So.2d 578 (Fla. 4th DCA 1999).
The issue at hand was not considered because there was no request for the court to hear testimony to determine whether a rule violation had taken place. Accordingly, we reverse and remand for further review of Edwards’ claim. On remand, the *1063 trial court shall conduct an evidentiary hearing to determine whether counsel was ineffective such that Edwards suffered the requisite prejudice. Strickland v. Washington, 466 U.S. 668, 695-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Affirmed in part, reversed in part, and remanded.

FARMER, GROSS and SHAHOOD, JJ., concur.