KAHN, Judge.
We have for review a conviction and sentence in a Florida National Guard court- *152 martial proceeding. Appellant, David S. Waterman, was a Sergeant First Class in the Florida Army National Guard called out for state active duty in August 1992 as a result of the devastation caused by Hurricane Andrew in Dade County. The underlying court-martial proceeding arose out of incidents involving Waterman that occurred during this period of state active duty. Pursuant to a Second Amended Court-Martial Convening Order, a special court-martial tried Waterman on April 3 and 4, 1993 at Camp Blanding, Florida. Under the accusatory document, Waterman stood charged with one specification of violation of Article 117, Florida Code of Military Justice, Wrongful Use of Provoking and Reproachful Words, and four specifications of violation of Article 134, Florida Code of Military Justice, Engaging in Conduct Prejudicial to Good Order and Discipline in the Armed Services. The members of the special court-martial found Waterman guilty of the Article 117 violation and two specifications of the Article 134 violations. Each of the charges of which Waterman stands convicted involve provocative comments of a sexual nature directed toward female enlisted personnel of the Florida Army National Guard. The sentence entered by the special court-martial provided that Waterman receive a reduction in rank from Sergeant First Class (E-7) to Private 2 (E-2), and that he forfeit two-thirds of pay and allowances for one hundred Unit Training Assemblies (UTAs). The designee of the Florida Adjutant General[1] ultimately approved the reduction in rank but reduced the forfeiture period from 100 UTAs to 24 UTAs. We affirm, but find that several of the matters raised by Waterman merit discussion.
Initially, this court properly has jurisdiction of an appeal from a Florida National Guard court-martial convened pursuant to section 250.35, Florida Statutes (1991). Section 250.35(8)(a) provides, “[a] finding of guilt and the sentence of a court-martial convened under this chapter, as approved by the convening authority, may be appealed to the District Court of Appeal for the district in which the court-martial is held.” Although a special court-martial has many attributes of a criminal proceeding, a finding of guilt and sentence is appealable to the appropriate District Court of Appeal as an administrative matter, because the approval of such finding and sentence constitutes a final order of the Florida Department of Military Affairs, an executive agency established by section 250.05, Florida Statutes. Nevertheless, we have determined that the standard of review which we must apply is that established by the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 801, et seq., rather than the normal standard required under chapter 120 of the Florida Statutes for review of final agency orders.[2] The Legislature could have, but did not, adopt a chapter 120 standard of review. The Legislature has adopted the UCMJ and the 1984 Manual for Courts-Martial, as amended to January 1, 1992, for use by the organized militia[3] and the Florida National Guard “except as otherwise provided by this chapter.” § 250.35(1), Fla.Stat. (1991). Because chapter 250 provides no standard of appellate review, we must determine the proper standard under the UCMJ.
The UCMJ provides three potential standards for appellate review. Two of these standards, contained respectively in UCMJ sections 864 and 869(a), provide for appellate review by a judge advocate and review by the Judge Advocate General. Review by the Court of Military Review, the third potential standard for appellate review, is controlled by UCMJ as follows:
In a case referred to it, the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. It may affirm *153 only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may iveigh the evidence, judge the credibility of ivitnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.
10 U.S.C. § 866 (emphasis added). While we are not anxious to establish any category of de novo review for District Courts of Appeal in this state, we find that the legislative adoption of the UCMJ leaves us with no alternative. Of the three appellate avenues provided under the UCMJ, review by the Court of Military Review is the most analogous to the Florida scheme providing for review by the appropriate District Court of Appeal. Accordingly, we adopt the standard of review contained in section 866 of the UCMJ. Thus, a Florida District Court reviewing a finding of guilt and sentence from a National Guard court-martial must determine “whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact finder could have found all the essential elements beyond a reasonable doubt.” United States v. Turner, 25 M.J. 324, 324 (C.M.A.1987).
Applying that standard of review, we find the evidence presented to the court-martial adequately supports the three convictions. While we see no need to detail the lewd and suggestive comments made by Waterman, a noncommissioned officer, to enlisted personnel of a subordinate rank, we do reject the contention raised on appeal that the victims’ testimony must be corroborated by other evidence introduced at trial. It was for the members of the court-martial to determine the credibility of the two victims. We note that the court-martial rejected two specifications involving allegations made by the third purported victim.
 Waterman also argues that sections 250.35(4) and (5) are unconstitutional insofar as they provide for imprisonment of the convicted Guard member as well as other penalties. Article I, section 18, Florida Constitution, provides, “[n]o administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.” To the extent that subsections (4) and (5) purport to allow a sentence of imprisonment, we have grave doubts as to their constitutionality. We have previously observed that the entire proceeding below arose under the auspices of the Florida Department of Military Affairs, a state executive agency. Nevertheless, as Waterman did not receive a sentence of imprisonment, he now lacks standing to bring a constitutional challenge to this provision. See State v. Hagan, 387 So.2d 943, 945 (Fla.1980) (“[a]ppellees may not challenge the constitutionality of a portion of the statute which does not affect them”); Isaac v. State, 626 So.2d 1082, 1083 (Fla. 1st DCA 1993) (“appellant lacks standing because it is apparent in the record that he has not been adversely affected by the asserted infirmity in the statute”).
Waterman further attacks the constitutionality of section 250.35, arguing that the statute adopts procedural rules and rules of evidence which infringe upon the exclusive rule-making authority of the Florida Supreme Court. Waterman has declined, however, to specifically point out any particular procedural or evidentiary rule that has prejudiced him in this proceeding. Nonetheless, assuming that issue is properly before the court, we find no constitutional infirmity on this point.
 The Florida Supreme Court has the exclusive authority to adopt “rules for the practice and procedure in all courts.... ” Art. V, § 2, Fla. Const.; see Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 732 (Fla.1991). This authority, however, extends only to courts recognized in Article V of the Florida Constitution: “The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality.” Even if the Legislature desired, it could not establish courts-martial pursuant to section 250.35 as courts of this state. Such an attempt would violate the constitution. Accordingly, the military courts-martial convened pursuant to section 250.35 are not literally courts. The power of the supreme court does not extend to adopt *154 ing rules of procedure for an executive agency. Cf. Jones v. Chiles, 638 So.2d 48, 51-54 (Fla.1994) (because the Florida Legislature has chosen to place judges of compensation claims within the executive branch, the Governor’s power to appoint or reappoint a judge of compensation claims may not be restricted by a statutory provision establishing a statewide nominating commission). In lieu of requiring the Department of Military Affairs to adopt its own rules of procedure, the Legislature has elected to incorporate the 1984 Manual for Courts-Martial and the UCMJ, which is referred to in Florida as the Florida Code of Military Justice.[4]
In addition to the foregoing challenges, Waterman also argues that section 250.35, by its incorporation of the UCMJ and the Manual for Courts-Martial, has “adopted a morass of legislation, case law and rules which are not applicable to justice in Florida. The legislature has adopted provisions of federal law which it has neither the ability, nor presumably the intention to adopt or enforce.” Waterman fails, however, to point to any specific provision of either the UCMJ or the Manual which denies him due process. We accordingly decline to address this argument. See Henderson v. State, 569 So.2d 925, 926-27 (Fla. 1st DCA 1990). Any National Guard member faced with a court-martial pursuant to section 250.35 must, in order to raise the issue on appeal, adequately point out and preserve before the lower tribunal one or more specific provisions of the UCMJ or the Manual which, if applied, would deny due process.
AFFIRMED.
BARFIELD, J., and SHIVERS, Senior Judge, concur.

. The Adjutant General of Florida is a "federally recognized officer of the Florida National Guard,” appointed by the Governor, who serves as "chief” of the Florida Department of Military Affairs. § 250.10(1), (2), Fla.Stat. (1991).

. As to factual matters, the court hearing an administrative appeal is bound by the competent substantial evidence standard. § 120.68(10), Fla.Stat. (1991); McDonald v. Dept, of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977).

.In Florida, the organized militia is composed of the National Guard "and such other organized military forces as are now or may be authorized by law.” § 250.02, Fla.Stat. (1991).

. We are not persuaded on the record and arguments presented in this case that the legislative adoption of the Manual and the UCMJ is invalid. See Florida Indus. Comm'n v. State, 155 Fla. 772, 21 So.2d 599, 603 (1945) (“[I]t is within the province of the legislature to approve and adopt the provisions of federal statutes, and all of the administrative rules made by a federal administrative body, that arc in existence and in effect at the time the legislature acts, but it would be an unconstitutional delegation of legislative power for the legislature to adopt in advance any federal act or the ruling of any federal administrative body that Congress or such administrative body might see fit to adopt in the future.”); see also Department of Legal Affairs v. Rogers, 329 So.2d 257, 267 (Fla.1976).