744 So.2d 466 (1999)
Lamarian JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3792.
District Court of Appeal of Florida, First District.
August 5, 1999.
Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
*467 PER CURIAM.
Lamarian Jackson appeals his convictions and sentences for armed robbery and aggravated battery with a firearm. Finding no reversible error, we affirm. We write only to address Jackson's challenges to the constitutionality of the Prison Releasee Reoffender Punishment Act, section 775.082, Florida Statutes (1997). He contends that this act violates the separation of powers clause and the single subject requirement of the Florida Constitution. We recently upheld the validity of this act against separation of powers, due process, and equal protection challenges. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999). As we did in Woods, we certify the following question to the Florida Supreme Court:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Jackson's challenge to the constitutionality of section 775.082(8), Florida Statutes (1997), on the basis that it violates the single subject requirement of Article III, section 6 of the Florida Constitution, is also without merit. We find that this act does not violate the single subject requirement of the Florida Constitution because each section of chapter 97-239, Laws of Florida, deals with reoffenders and does not accomplish separate and disassociated objects of legislative effort. See Young v. State, 719 So.2d 1010, 1012 (Fla. 4th DCA 1998).
AFFIRMED.
JOANOS, ALLEN and DAVIS, JJ., CONCUR.