745 So.2d 351 (1999)
George TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1312.
District Court of Appeal of Florida, First District.
September 9, 1999.
*352 Nancy A. Daniels, Public Defender and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
George Turner raises numerous constitutional challenges to section 775.082(8), Florida Statutes (1997), the Prison Releasee Reoffender Punishment Act (the Act), under which he was sentenced upon his conviction for three counts of felony battery. For the reasons that follow, we find the appellant's arguments without merit, and we affirm.
*353 Several of appellant's challenges have recently been addressed and rejected by this and other Florida appellate courts. Thus, we find without merit appellant's arguments that the Act violates the single subject requirement of the Florida Constitution, see Jackson v. State, 744 So.2d 466 (Fla. 1st DCA 1999), citing Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998); that the Act is unconstitutionally vague and otherwise denies due process because it permits arbitrary application, and denies equal protection, see Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999); and the Act violates the separation of powers clause of the Florida Constitution by removing a trial court's discretion over sentencing, id.,see also Gray v. State, 742 So.2d 805 (Fla. 5th DCA 1999)(Sharp, W., J., dissenting). As we did in Woods, we certify a question of great public importance.
Further, we cannot agree that the Act violates the separation of powers clause by infringing on the ability of prosecutors to engage in plea bargaining. There is no constitutional right to plea bargaining. See Fairweather v. State, 505 So.2d 653, 654 (Fla. 2d DCA 1987). In addition, because the prosecutor does retain some discretion under the Act as to whether to treat a particular defendant as a prison releasee reoffender, see Woods, 740 So.2d at 25 application of the Act is simply another factor about which to negotiate.
We also reject appellant's argument that application of the Act constitutes cruel and unusual punishment.[1] We do not find that imposition of the maximum sentence provided by statutory law constitutes cruel or unusual punishment, because there is no possibility that the Act inflicts torture or a lingering death or the infliction of unnecessary and wanton pain. See Jones v. State, 701 So.2d 76, 79 (Fla. 1997), cert. denied, 523 U.S. 1014, 118 S.Ct. 1297, 140 L.Ed.2d 335 (1998).
We reject as well appellant's argument that the Act does not bear a reasonable relationship to legislative intent. As indicated in the preamble to Chapter 97-239, Laws of Florida, the intent behind that Act is "to prevent prison releasees from committing future crimes," and the mandatory sentencing provisions of the Act certainly seek to further that intent. Further, we do not read the references in that preamble to "violent felony offenders" as reflecting the legislature's intent that the Act reach only those defendants with a prior record of violent offenses. Reading the preamble in full leads to the obvious conclusion that the legislature's primary aim is to reduce recidivism in general. Compare King v. State, 557 So.2d 899 (Fla. 5th DCA 1990).
Finally, appellant argues that the Act denies due process of law because it gives the victim of an offense the authority to preclude application of the Act to the defendant who committed the offense(s) against that victim. See § 775.082(8)(d)1.c., Fla. Stat. (1997).[2] Appellant *354 argues that the Act creates a "veto power" in the hands of a victim, which allows the Act to be applied in an arbitrary manner.
This argument was raised, sua sponte, by the court in Speed v. State, 732 So.2d 17, 19 n. 4 (Fla. 5th DCA 1999), where it stated:
We do have one profound reservation in regard to the Act, but it is not based on separation of powers but rather on substantive due process. Our concern is prompted by the provision in subsection (8)(d)1.c. of the Act which apparently gives the victim of the crime an absolute veto over imposition of the mandatory prison sentences prescribed by the Act, in this case a fifteen year sentence. Thus, the punishment of the offender will vary from case to case based upon the benign nature, or susceptibility to intimidation, of the criminal's victim. Should an armed robber be punished less severely because his victim happens to be forgiving rather than somewhat vindictive? Moreover, this provision of the Act promotes harassment and intimidation of the victim. Apparently this due process argument in regard to a victim veto has not been raised in any other case involving the validity of the Prison Releasee Reoffender Act, nor has it been briefed or argued in the instant appeal. We therefore do not determine its viability here.
We cannot agree that a due process violation is posed by section 775.082(8)(d)1.c. We do share the concern of our colleagues on the Fifth District that this provision may sometimes result in an attempt by either or both of the prosecution and defendant to pressure a victim to provide a statement of sentencing preference. Nevertheless, we do not read this provision as prohibiting the prosecutor from seeking to apply the Act to a given defendant even if so requested by a victim. Rather, as we interpret it, this provision merely expresses the legislative intent that the prosecution give consideration to the preference of victims when considering application of the Act.
We also reject appellant's argument that any deference to a victim's preference under section 775.082(8)(d)1.c. violates the separation of powers clause. First, as discussed above, we do not read this provision as transferring any "veto" power to victims. Second, and obviously, the separation of powers clause concerns the relationship of the branches of government, and a victim of a crime is not a branch of government. But see Gray v. State, 742 So.2d at 807 (Sharp, W., J., dissenting), and Lookadoo v. State, 737 So.2d at 637, 638 (Fla. 5th DCA 1999) (Sharp, W., J., dissenting).
As in Woods v. State, supra, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
KAHN and WEBSTER, JJ., concur.
NOTES
[1] We infer from the dissent in Lookadoo v. State, 737 So.2d 637 (Fla. 5th DCA 1999)(Sharp, W., J., dissenting), that this argument was raised and rejected in that case.
[2] Subparagraph (d)1. to section 775.082(8), provides:

(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.