744 So.2d 1126 (1999)
William JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2903.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
Rehearing Denied December 6, 1999.
*1127 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, William Jennings, challenges his conviction and sentence for armed robbery and argues that the trial court erred in allowing the State to admit collateral crime evidence of a subsequent robbery attempt and erred in sentencing him pursuant to the Prisoner Releasee Reoffender Act because the Act is unconstitutional. We affirm.
Appellant was charged by information with robbery with a deadly weapon and tried by jury after a night auditor at the Comfort Inn notified police that appellant robbed him at gunpoint. Prior to trial, appellant moved the court in limine to exclude evidence that approximately one month after the armed robbery at issue in this case, appellant attempted to rob the same night auditor at the Holiday Inn Express. According to the night auditor, during the robbery at the Holiday Inn, appellant allegedly stated, "Aren't you the person I robbed at the Comfort Inn last month?" The trial court granted appellant's pre-trial motion in limine and ruled that appellant's statement to the victim would be admitted but the circumstances under which it was allegedly madethe robbery at the Holiday Innwould be excluded. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
At trial, the judge receded from her ruling on the pre-trial motion in limine and stated that she would admit testimony regarding the attempted robbery at the Holiday Inn because appellant had "opened the door" to such evidence. When the court made its ruling, Jennings' counsel stated only, "Please forgive me, I'm not exactly sure what it was in the prior testimony that opened the door to this." Upon receiving an explanation that Jennings opened the door to such evidence when he testified that he committed the Comfort Inn robbery but denied having a gun, defense counsel made no further comments or objections. Defense counsel did not offer a specific objection which would have allowed the trial court to reconsider its ruling in light of the issue raised by appellant. Because appellant failed to contemporaneously object to the admission of the disputed evidence, we find that this issue is not preserved for review. See Lawrence v. State, 614 So.2d 1092, 1094 (Fla.1993); Coffee v. State, 699 So.2d 299, 300 (Fla. 2d DCA 1997). Furthermore, we find that based on the record in the instant case, even if the issue had been preserved, appellant would not have met his burden of demonstrating prejudicial error.
Appellant also challenges the constitutionality of the Prisoner Releasee Reoffender Act. We previously addressed *1128 and rejected appellant's arguments that the Act violates the prohibition against ex post facto laws and the single-subject rule. See Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 909 (Fla.1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999). After careful consideration, we likewise reject appellant's argument that the Act (1) violates the separation of powers doctrine because it infringes upon the prosecutor's power to plea bargain with a defendant[1]; (2) violates the right to equal protection because the Act applies only to offenders released from state prison within three years prior to committing an enumerated offense; (3) constitutes cruel and unusual punishment; (4) violates procedural due process because the exceptions are void for vagueness; and (5) violates substantive due process.
AFFIRMED.
WARNER, C.J., STONE and STEVENSON, JJ., concur.
NOTES
[1] See Fairweather v. State, 505 So.2d 653, 654 (Fla. 2d DCA 1987)(holding that the law recognizes no constitutional right to plea bargain). We recognize that we certified the question of whether the Prisoner Releasee Reoffender Act violates the separation of powers clause of the Florida Constitution in Simmons v. State, No. 98-2792, ___ So.2d ___, 1999 WL 565829 (Fla. 4th DCA August 4, 1999). Jennings, however, does not assert the same separation of powers argument raised by Simmons.