753 So.2d 575 (1999)
Andrea SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2894.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
Mark Wilensky of Dubiner & Wilensky, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Andrea Smith, appeals his sentence of fifteen years in state prison pursuant to section 775.082(8)(a)1., Florida Statutes (1997), the Prison Releasee Reoffender Act, on the grounds 1) that the trial judge erred in determining that sentencing under the Act was mandatory when the victim submits a letter to the judge requesting that the defendant is not sentenced under the Act, and 2) that the Act is unconstitutional because it violates the prohibition against ex post facto laws, violates the separation of powers doctrine, violates the single-subject rule, violates the *576 equal protection clause, constitutes cruel and unusual punishment, violates substantive due process rights, and that the exceptions to sentencing under the Act provided in section 775.082(8)(d)1. are void for vagueness. We previously addressed and rejected Smith's arguments that the Act violates the prohibition against ex post facto laws and the single-subject rule. See Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 909 (Fla.1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999). We, likewise, reject each of the other constitutional challenges raised by Smith. See Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999).
In view of the victim's written statement seeking leniency, we agree with Smith's argument that the trial judge erred in concluding that she had no discretion to sentence Smith outside of the provisions of the Prison Releasee Reoffender Act. See State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), rev. granted, 741 So.2d 1137 (Fla.1999).[1] The trial judge indicated on the record that, if she had discretion in the matter, she would not sentence Smith under the Act. Accordingly, we reverse and remand for the trial judge to determine whether to impose a sentence under the Act or under the sentencing guidelines in light of our ruling in Wise.[2]
REVERSED and REMANDED.
WARNER, C.J., FARMER and STEVENSON, JJ., concur.
NOTES
[1] As we did in Wise, we certify conflict with McKnight v. State, 727 So.2d 314 (Fla. 3d DCA), rev. granted, 740 So.2d 528 (Fla.1999).
[2] Of course, on remand, the trial judge will not be bound by her earlier preliminary indications that she would not be inclined to sentence Smith under the Act.