746 So.2d 558 (1999)
Reginald A. CRUMP, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2042.
District Court of Appeal of Florida, First District.
December 14, 1999.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant *559 Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant in this direct criminal appeal challenges his sentences imposed pursuant to section 775.082(8), Florida Statutes (1997), the "Prison Releasee Reoffender Punishment Act," following his convictions for resisting arrest with violence and felony petit theft. We reject the appellant's various constitutional challenges to section 775.082(8), but we vacate the sentence for felony petit theft because felony petit theft is not an offense for which a prison releasee reoffender sentence may be imposed.
We have previously rejected several of the appellant's constitutional challenges, including the single subject challenge, see Jackson v. State, 744 So.2d 466 (Fla. 1st DCA 1999); the separation of powers challenge, see Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999); the cruel or unusual punishment challenge, see Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); the due process challenges, see Turner v. State, Woods v. State; and the equal protection challenge, see Woods v. State.
The appellant also contends that section 775.082(8) is unconstitutionally vague because the legislature failed to define the terms "sufficient evidence," "material witness," the degree of materiality required, "extenuating circumstances," and "just prosecution." But it has long been recognized that words in a statute should be given their plain and ordinary meaning, and the appellant has failed to identify how the plain language of the statute renders it impossible for a person of ordinary intelligence to read the statute and understand how the legislature intended these terms to apply to any particular defendant. We accordingly conclude that the appellant has not satisfied his burden of demonstrating that the statutory language is unconstitutionally vague.
And the appellant contends that the statute violates double jeopardy because nothing in the statutory language forecloses a defendant from being both habitualized under section 775.084, Florida Statutes, and sentenced as a prison releasee reoffender. But the appellant lacks standing to present this argument because he was not sentenced as a habitual felony offender. See Waterman v. State, 654 So.2d 150 (Fla. 1st DCA 1995).
We do, however, find merit in the appellant's argument that the trial court committed fundamental error in its written sentence by designating the sentence for felony petit theft as a prison releasee reoffender sentence. Felony petit theft is not one of the statutorily enumerated offenses for which a prison releasee reoffender sentence may be lawfully imposed. Because the felony petit theft sentence fails to comport with this statutory limitation, the sentence is illegal and is reviewable on direct appeal as fundamental error. See Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998).
Accordingly, the appellant's sentence for resisting arrest with violence is affirmed, his sentence for felony petit theft is vacated, and this case is remanded for the appellant to be resentenced for felony petit theft.
WEBSTER and BROWNING, JJ., CONCUR.