751 So.2d 115 (2000)
Donnell MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-1845.
District Court of Appeal of Florida, First District.
January 7, 2000.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Donnell Miller was convicted by a jury of burglary of a dwelling and two counts of dealing in stolen property. For the burglary, he was sentenced to fifteen years imprisonment due to his designation as a prison releasee reoffender ("PRR"). For the two counts of dealing in stolen property, he was designated a habitual felony offender ("HFO") and sentenced to two 25-year sentences. The three sentences were imposed concurrently to each other. Miller appeals, raising a number of challenges primarily to the Prison Releasee Reoffender Punishment Act, section 775.082, Florida Statutes (1997) ("Act"). We affirm.
Miller claims that the Act is an unconstitutional violation of the Florida Constitution's separation of powers clause and the single subject requirement. He argues that the Act violates state and federal constitutional requirements of due process and equal protection, as well as prohibitions against cruel and unusual punishment. He asserts that the Act is also void for vagueness. We have previously considered and rejected these arguments in other cases and do so again here. See Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); Jackson v. State, 744 So.2d 466 (Fla. 1st DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999). We also find no merit in Miller's argument that the trial court's designation of him as a PRR and sentence under the Act for burglary, along with the trial court's designation of him as an HFO and sentences under the habitual felony offender statute for two counts of dealing in stolen property, all concurrently *116 imposed, violate double jeopardy principles. Notably, the trial court did not sentence Miller as both a PRR and an HFO on each count, as was the case in Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
We further conclude that Miller's final argument, dealing with the interpretation of section 775.082(8)(a)1.q., Florida Statutes (1997), was not properly raised before the trial court and, because it does not constitute fundamental error, may not be raised for the first time on appeal. See § 924.051(3), Fla. Stat. (1999); Fla. R.App. P. 9.140. We therefore affirm appellant's convictions but, as in Woods, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
JOANOS, MINER and DAVIS, JJ., CONCUR.