752 So.2d 64 (2000)
Verro CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1928.
District Court of Appeal of Florida, First District.
February 11, 2000.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
Appellant appeals both the denial of his motion to declare the Prison Releasee Reoffender Punishment Act unconstitutional, and the judgment and sentence imposed pursuant to that statute, i.e., section 775.082(8), Florida Statutes (1997). Appellant challenges the constitutionality of section *65 775.082(8) on eight separate grounds. We affirm the trial court's rulings, because the statute previously has been found to be constitutional on each of the grounds raised by appellant. However, we certify the question of great public importance previously certified by this court in Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999).
Appellant's argument that the prison releasee reoffender act violates the single subject requirement of the Florida Constitution has been decided adversely to his position by this court and the Second and Fourth District Courts of Appeal. See Jackson v. State, 744 So.2d 466 (Fla. 1st DCA), review granted, 749 So.2d 503 (Fla. 1999); Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999); State v. Eckford, 725 So.2d 427 (Fla. 4th DCA), review dismissed, 732 So.2d 326 (Fla.1999); Young v. State, 719 So.2d 1010, 1011-12 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999). In Jackson, this court held:
[T]his act does not violate the single subject requirement of the Florida Constitution because each section of chapter 97-239, Laws of Florida, deals with reoffenders and does not accomplish separate and disassociated objects of legislative effort.
See 744 So.2d at 467.
The arguments appellant advances in support of his contention that the prison releasee reoffender act violates the separation of powers doctrine were addressed and rejected by this court in Woods. See also Reyes v. State, 742 So.2d 825 (Fla. 1st DCA 1999); Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999); Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Smith v. State, 753 So.2d 575 (Fla. 4th DCA 1999).
In Woods and Reyes, this court certified the question whether the prison releasee reoffender punishment act violates the separation of powers clause of the Florida Constitution. In August 1999, the supreme court granted review in Woods. Until and unless the supreme court decides the question, appellant cannot prevail on his separation of powers challenge to the act.
Appellant's cruel and unusual punishment argument was rejected by this court in Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999). In Turner, the court said: "We do not find that imposition of the maximum sentence provided by statutory law constitutes cruel or unusual punishment, because there is no possibility that the Act inflicts torture or a lingering death or the infliction of unnecessary and wanton pain." See also Grant v. State, 745 So.2d 519 (Fla. 2nd DCA 1999).
In this case, as in Crump v. State, 746 So.2d 558 (Fla. 1st DCA 1999), appellant lacks standing to present a double jeopardy challenge to the prison releasee reoffender punishment act, because he was not sentenced as an habitual felony offender. Appellant was sentenced as a prison releasee reoffender to a 5-year sentence, the maximum permitted by statute for a third degree felony. See also Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999). Cf. Thomas v. State, 745 So.2d 1119 (Fla. 5th DCA 1999)(court vacated 15-year prison releasee reoffender sentences imposed to run concurrently with 30-year violent career criminal sentences, because it is fundamental that a person cannot be sentenced twice for the same offense).
In Crump, this court rejected the vagueness argument advanced by appellant in this case, i.e., that section 775.082(8) is unconstitutionally vague because the legislature failed to define the terms "sufficient evidence," "material witness," the degree of materiality required, "extenuating circumstances," and "just prosecution." The court explained that words in a statute should be given their plain and ordinary meaning, and the appellant failed to identify how the plain language of the statute renders it impossible for a person of ordinary intelligence to read the statute and *66 understand how the legislature intended the terms to apply to a particular defendant. See also Woods; Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
Appellant in this case stipulated that he was released from prison on March 5, 1996, and further stipulated that the offense for which sentence was imposed occurred within three years of his release from DOC custody. Therefore, the statute clearly applied to appellant, and none of the terms appellant challenges as vague concern whether the statute applies to him. See Woods; Grant. Therefore, appellant may not prevail on his unconstitutionally vague argument.
Here, appellant raises a substantive due process challenge to the prison releasee reoffender statute, predicated on arguments rejected by this court in Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999). See also Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Smith v. State, 753 So.2d 575 (Fla. 4th DCA 1999).
As with the preceding points, appellant's equal protection arguments have been considered and rejected by this court and other district courts of appeal. See, e.g., Turner; Woods; Grant; Rollinson v. State 743 So.2d 585, 589 (Fla. 4th DCA 1999).
Similarly, appellant's ex post facto argument has been rejected on numerous occasions. In this case, the act is being applied to criminal conduct that occurred on July 26, 1998, after the May 30, 1997, effective date of the act. The Supreme Court has held that "enhanced sentencing for recidivism does not violate ex post facto principles despite the fact that the prior offenses forming a basis for enhancement occurred prior to enactment of the enhancement provision." See Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), cited in Rollinson v. State, 743 So.2d 585, 587 (Fla. 4th DCA 1999). See also Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999); Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Plain v. State, 720 So.2d 585, 586 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999).
Nevertheless, application of the act would violate ex post facto principles if the "qualifying events" for purposes of the statute occurred before the act became effective, i.e., if the accused committed new offenses before the May 30, 1997, effective date of the Act. See Williams v. State, 743 So.2d 1154, 1155 (Fla. 2d DCA 1999). Such is not the case here. Appellant stipulated that his release from prison in 1996, and the commission of a new offense in July 1998, were "qualifying events" for purposes of the prison releasee reoffender statute.
Accordingly, we affirm the trial court's rulings. However, we certify the following question previously certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), review granted, 740 So.2d 529 (Fla.1999), as a question of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
ERVIN, J., and SMITH, LARRY G., Senior Judge, CONCUR.