751 So.2d 182 (2000)
Jimmie L. McDANIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2176.
District Court of Appeal of Florida, Second District.
February 11, 2000.
*183 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
Jimmie L. McDaniel timely appeals his convictions and sentences for the crimes of burglary, forgery, uttering a forged check, and possession of cocaine. He was found to be both a prison releasee reoffender and a habitual offender for these and other crimes. McDaniel presents three points on appeal.
McDaniel pleaded guilty to several charges against him. He qualified for sentencing as a prison releasee reoffender and a habitual offender. However, McDaniel contends, and the state agrees, that his convictions on counts 3 and 6 in the trial court case 98-18967 were for burglaries of unoccupied structures and he received prison releasee reoffender sentences for these convictions. The crime of burglary of an unoccupied structure is not subject to the prison releasee reoffender sanction, as the statute lists burglary of an occupied structure as a qualifying crime. See § 775.082(9)(a)1, Fla. Stat. (Supp.1998), and State v. White, 736 So.2d 1231 (Fla. 2d DCA 1999).
McDaniel also points out that the trial judge orally imposed a ten-year habitual offender sentence for count 4 of trial court case 98-1607, the grand theft conviction, whereas the written sentence reflects a fifteen-year prison sentence. We agree that the written sentence must be corrected to conform with the trial court's oral pronouncement. See Hill v. State, 712 So.2d 463 (Fla. 2d DCA 1998).
McDaniel further contends that the prison releasee reoffender statute is unconstitutional and the trial court erred in sentencing him as both a prison releasee reoffender and a habitual felony offender. This court has recently held that the prison releasee reoffender statute is constitutional and that both prison releasee reoffender sentences and habitual felony sentences may be imposed on a single defendant. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
We therefore reverse McDaniel's sentences on counts 3 and 6 in case 98-18967 and remand for resentencing. We also direct that his written sentence be corrected with respect to count 4 in case 98-1607 to conform with the oral sentence of ten years as a habitual offender.
Affirmed in part; reversed in part with directions.
WHATLEY, A.C.J., and NORTHCUTT, J., concur.