PER CURIAM.
Vennis Smith challenges his conviction for a sexual act with a child under 16 years of age, a violation of section 800.04(3), Florida Statutes (1997), and his sentence entered pursuant to section 775.082(8), the Prison Releasee Reoffender Punishment Act. We find appellant’s argument that the trial court erred in denying his motion for a judgment of acquittal to be without merit; there was sufficient evidence to submit *437 the cause to the jury. See Rogers v. State, 660 So.2d 237 (Fla.1995). Similarly, we find appellant’s argument that the Prison Releasee Reoffender Act is unconstitutional to be without merit. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), Crump v. State, 746 So.2d 558 (Fla. 1st DCA 1999), and Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000). As we did in Woods, we certify the following question ■ as one of great importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
ALLEN, WOLF AND VAN NORTWICK, JJ., CONCUR.