STONE, J.
Massey was convicted of attempted robbery with a deadly weapon while wearing a mask, burglary of a conveyance, and second-degree petit theft. On appeal, Massey argues that the trial court erred in denying his motion for judgment of acquittal on the petit theft and burglary counts. We affirm, finding sufficient prima facie evidence to support the convictions.
Massey and co-perpetrator Donaldson went to a local 7-Eleven with the intent to rob the store. Both men wore masks and dark clothing. Massey held a night stick and Donaldson held a BB gun. Prior to entering, Donaldson took a shirt from a car parked outside of the store (the offense in issue) and wrapped the shirt around the BB gun. The men then entered the store and jointly committed the attempted robbery charged in count I, not in issue here.
Prior to trial, both Donaldson and Massey gave voluntary statements, wherein they admitted to robbing the 7-Eleven. Further, both men assisted the police in recovering the BB gun, night stick, and clothing worn during the robbery.
At trial, Massey moved for judgment of acquittal as to burglary of a conveyance (count II), and petit theft of the shirt (count III). Massey argued that the state failed to present evidence showing that he participated, assisted, or encouraged Donaldson to commit those crimes.
A defendant may not be convicted of a crime which is outside of the original felonious collaboration. See Valdes v. State, 626 So.2d 1316, 1322 (Fla.1993), denial of post-conviction relief affirmed by 728 So.2d 736 (Fla.1999). One who participates with another in a common criminal scheme, however, is guilty of all crimes committed in furtherance of that scheme, regardless of whether he or she participates in each individual criminal act. See id. (quoting Jacobs v. State, 396 So.2d 713, 716 (Fla.1981)). Here, Massey admits that he participated in the robbery; therefore, the question before this court is whether the extra criminal acts committed by Donaldson were in furtherance of that crime. See Hampton v. State, 336 So.2d 378, 380 (Fla. 1st DCA 1976).
In Valdes, two officers were attacked by Valdes and a co-perpetrator. Moments later, the two men left the scene and headed toward their car. The co-perpetrator pointed his pistol at the occupants of a vehicle that had pulled into the lot and used the butt of the gun to shatter the windshield. Valdes was found guilty of numerous offenses including the aggravated assault committed by the co-perpetrator in fleeing. The supreme court rejected Valdes’ contention that he was entitled to a judgment of acquittal because he did not actually participate in the criminal act. Valdes, 626 So.2d at 1322. The supreme court held that even though he did not physically participate in that crime, he was guilty as a principal because the aggravated assault was committed in furtherance of the common criminal scheme. Id.
Here, we similarly find that the burglary and petit theft were committed in furtherance of the robbery. While Massey did not actually participate in these criminal acts, Donaldson’s actions were not foreign to the common design of robbing the convenience store. Thus, it was proper for *763 the jury to conclude that the burglary and petit theft were within the common criminal scheme.
We also find no error in sentencing Appellant under the Prison Releasee Re-Offender Act, as this court has previously recognized that this Act is not unconstitutional. See Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999); State v. Wise, 744 So.2d 1035 (Fla. 4th DCA), rev. granted, 741 So.2d 1137 (Fla.1999).
POLEN and GROSS, JJ., concur.