755 So.2d 195 (2000)
Phillip Frederick TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-1339.
District Court of Appeal of Florida, First District.
April 17, 2000.
Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of a sentence imposed following his conviction of robbery with a weapon. We affirm.
First, appellant claims that sentencing him as both a prison releasee reoffender and an habitual felony offender for the same offense violated the constitutional prohibition against double jeopardy. We recently rejected this argument in Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000), but certified conflict with Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
Second, appellant claims that the Prison Releasee Reoffender Punishment Act, codified as section 775.082(8), Florida Statutes (1997), violates the separation of powers clause of the Florida Constitution. We rejected this claim in Woods v. State, 740 So.2d 20 (Fla. 1st DCA) (certifying a question of great public importance), review granted, 740 So.2d 529 (Fla.1999).
Third, appellant claims that application of the Prison Releasee Reoffender Punishment Act to him constitutes an ex post facto violation, even though he committed his current offense after the effective date of the Act. We rejected this argument in Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000).
Fourth, appellant claims that the Prison Releasee Reoffender Punishment Act violates the equal protection clauses of the state and federal constitutions. We rejected this argument in Woods, Chambers and Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), review granted, No. 96,631, ___ So.2d ___ (Fla. Feb. 3, 2000).
Finally, appellant claims that the Prison Releasee Reoffender Punishment Act is unconstitutionally vague. We rejected this argument in Woods, Chambers and Turner.
For the reasons set forth in the cases cited above, appellant's sentence is affirmed.
AFFIRMED.
MINER, WEBSTER and LAWRENCE, JJ., CONCUR.