PER CURIAM.
This court has rejected Appellant’s numerous challenges to the constitutionality of the Prison Releasee Reoffender Act. See Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), rev. granted, — So.2d - (Fla. Feb. 3, 2000); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla.1999). We therefore affirm Appellant’s judgment and sentence. As in Woods, we certify the following question as a matter of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
ERVIN, BOOTH and BENTON, JJ., CONCUR.