754 So.2d 894 (2000)
Joey BLOODWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1472.
District Court of Appeal of Florida, First District.
April 20, 2000.
Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, J.
Joey Bloodworth (Bloodworth), arguing a double-jeopardy violation, appeals his sentences on three criminal counts. We affirm.
A jury found Bloodworth guilty of aggravated assault, causing bodily injury during an aggravated assault, and attempted armed kidnapping. Bloodworth committed these crimes in connection with his attempt to abduct at knifepoint a woman shopper from a Winn-Dixie parking lot on the afternoon of November 2, 1997, in Nassau County. We affirm without discussion Bloodworth's convictions.
Bloodworth's concurrent sentences were imposed, on two counts, pursuant to both the Prison Releasee Reoffender Punishment Act (PRRA), section 775.082(8), Florida Statutes (1997), and, as an habitual violent felony offender, pursuant to section 775.084(4)(b), Florida Statutes (1997).[1] Bloodworth argues that his sentences put him in double jeopardy. This court however holds that no double jeopardy violation arises when a defendant is sentenced as both an habitual offender and as a *895 reoffender under the PRRA.[2]See Smith v. State, 754 So.2d at 101 (Fla. 1st DCA 2000) ("We find that this subsection allows a trial court to impose an HFO sentence on a PRR when the defendant qualifies under both statutes. It does not require a trial court to choose between one or the other. When a defendant receives a sentence like the one in this case, the PRR Act operates as a mandatory minimum sentence. It does not create two separate sentences for one crime."). We thus affirm Bloodworth's sentences.[3]
We nevertheless, as we did in Smith, certify conflict with Adams v. State, 750 So.2d 659, (Fla. 4th DCA 1999), and certify the same question that we certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla. 1999), regarding the constitutionality of the PRRA.
We accordingly affirm Bloodworth's convictions and sentences, certify conflict with Adams, and again certify the same question of great public importance as certified in Woods and subsequent cases.
WOLF and KAHN, JJ., CONCUR.
NOTES
[1] The trial judge, on March 26, 1999, sentenced Bloodworth both as an habitual violent felony offender and pursuant to the PRRA on counts one and three (count one: to ten years, with no eligibility for release for five years; count three: to life with no eligibility for release for fifteen years). The judge sentenced Bloodworth to thirty years on count two pursuant to the PRRA (not eligible for release for thirty years), but not as an habitual violent felony offender.
[2] Bloodworth, serving a forty-year sentence for sexual battery with a deadly weapon committed in April 1980, was released from prison in August 1997. Bloodworth thus committed a new crime within three months of his release from prison. It is undisputed that Bloodworth qualifies as both an habitual violent offender and a prison releasee reoffender.
[3] We also observe that Bloodworth's sentence on count two must be affirmed pursuant to our opinion in Miller v. State, 751 So.2d 115, (Fla. 1st DCA 2000). We said in Miller:

We also find no merit in Miller's argument that the trial court's designation of him as a PRR and sentence under the Act for burglary, along with the trial court's designation of him as an HFO and sentences under the habitual felony offender statute for two counts of dealing in stolen property, all concurrently imposed, violate double jeopardy principles. Notably, the trial court did not sentence Miller as both a PRR and an HFO on each count, as was the case in Adams v. State.
Id. (affirming and holding that the double jeopardy clause is not violated by a trial court's sentencing, under the PRRA, for burglary, along with trial court's concurrent sentencing, under the habitual felony offender statute, for two counts of dealing in stolen property). Bloodworth, on count two, is subject only to the PRRA, not both the PRRA and the habitual offender statute. No double jeopardy violation exists therefore as to count two (thirty years). Miller.