PER CURIAM.
The appellant in this direct criminal appeal raises two challenges to his prison releasee reoffender sentence. We reject both challenges.
We first reject his argument that a prison releasee • reoffender sentence may not be imposed where the conviction is for burglary of an unoccupied dwelling. See Foresta v. State, 751 So.2d 738 (Fla. 1st DCA 2000). We acknowledge that our holding on this point conflicts with the decision in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999).
We also reject the appellant’s argument that the prison releasee reoffender statute is ex post facto as applied to him because, although his present crime was committed after the effective date of the prison re-leassee reoffender statute, he was released from prison prior to the effective date of *816 the statute. See Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000).
AFFIRMED.
ALLEN, LAWRENCE and BENTON, JJ., CONCUR.