764 So.2d 658 (2000)
Alvin Dereak CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-4126.
District Court of Appeal of Florida, First District.
May 15, 2000.
Nancy A. Daniels, Public Defender; Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant was found guilty of the third-degree felony of attempted sexual battery not likely to cause serious personal injury (Count One) and misdemeanor battery (Count Two). The trial court classified Appellant as an habitual violent felony offender pursuant to section 775.084, Florida Statutes (1997), and designated him also as a prison releasee reoffender pursuant to section 775.082(8), Florida Statutes (1997). On Count One, the court sentenced Appellant as both an habitual violent felony offender and a prison releasee reoffender to 10 years' incarceration, with a 5-year minimum mandatory term. The court imposed a 1-year prison term in Count Two based on the prison releasee reoffender provisions. In this direct appeal, Appellant contends, first, that the lower court erred in sentencing him pursuant to the Prison Releasee Reoffender Punishment Act, which, he argues, is unconstitutional. Second, Appellant asserts that the court erred in sentencing him as both an habitual violent felony offender and a prison releasee reoffender. We affirm the conviction and sentence, recertify a question of great public importance on the first issue, and acknowledge inter-district conflict on the second issue.
The arguments made in support of the claim of the unconstitutionality of section 775.082(8) have been considered and rejected in numerous decisions of our own court and other Florida district courts of appeal. See, e.g., Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999); Branch v. State, 25 Fla. L. Weekly D751, ___ So.2d ___, 2000 WL 289731 (Fla. 1st DCA Mar.21, 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998). We certify the same question previously certified in Woods.
In his second issue, Appellant argues that it was error and a denial of the Double Jeopardy Clause protection from multiple punishment to sentence him as both an habitual violent felony offender and a prison releasee reoffender in Count One. We found a similar argument to be meritless in Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000), and Taylor v. State, 755 So.2d 195 (Fla. 1st DCA 2000). Accord McDaniel v. State, 751 So.2d 182 (Fla. 2d DCA 2000); Grant v. State, 745 So.2d 519 (Fla. *659 2d DCA 1999). However, as in Wright v. State, 25 Fla. L. Weekly D992, ___ So.2d ___, 2000 WL 424053 (Fla. 1st DCA Apr. 20, 2000), we acknowledge that our holding on this point conflicts with the decisions in Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999), and Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
AFFIRMED.
ERVIN and VAN NORTWICK, JJ., CONCUR.