PER CURIAM.
We have previously rejected all of the constitutional challenges to the Prison Re- *1231 leasee Reoffender Punishment Act • (the Act) asserted by the appellant. See Bloodworth v. State, 754 So.2d 894 (Fla. 1st DCA 2000); Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000); Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999). In addition, contrary to appellant’s assertion that sentencing under the Act is discretionary, such sentencing under the Act is mandatory upon proof that the defendant qualifies as a prison releasee reof-fender. See Woods v. State, 740 So.2d 20, 22-23 (Fla. 1st DCA 1999); see also McKnight v. State, 727 So.2d 314, 315-16 (Fla. 3d DCA 1999); but see State v. Wise, 744 So.2d 1035, 1037 (Fla. 4th DCA 1999); State v. Cotton, 728 So.2d 251, 252 (Fla. 2d DCA 1998). Here, as in Woods, we certify the following question to the Supreme Court as a question of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
JOANOS, ALLEN, and KAHN, JJ., CONCUR.