763 So.2d 1239 (2000)
Jimmie BARGE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-3794.
District Court of Appeal of Florida, First District.
June 8, 2000.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Karla D. Ellis, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Jimmie Barge, Jr., challenges the constitutionality of the Prison Releasee Reoffender Punishment Act, section 775.082(8), Florida Statutes (1997). This court has previously rejected Appellant's claim that the Act violates the separation of powers doctrine. See Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), review granted, (Fla. Feb. 3, 2000); Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), review granted, 740 So.2d 529 (Fla.1999). As in Woods, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Appellant's contention that section 775.082(8) violates the single subject provision of the Florida Constitution has likewise been rejected. See Jackson v. State, 744 So.2d 466 (Fla. 1st DCA), review granted, 749 So.2d 503 (Fla.1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla. 1999). Appellant's contentions that the Act violates due process and equal protection, is unconstitutionally vague, and constitutes cruel and unusual punishment have also been rejected. Turner, supra.
We reject appellant's argument that it was a denial of the Double Jeopardy Clause protection to sentence him to a term of 15 years' imprisonment as a prison releasee reoffender, an habitual felony offender, and an habitual violent felony offender. Smith v. State, 754 So.2d 100 (Fla. 1st DCA 2000). We acknowledge that our holding on this point conflicts with the decisions in Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999), and Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
AFFIRMED.
BARFIELD, C.J., KAHN and DAVIS, JJ., CONCUR.