PER CURIAM.
In this direct criminal appeal, Appellant challenges sentences imposed pursuant to section 775.082(8), Florida Statutes (1997), the “Prison Releasee Reoffender Act” and section 775.084(4)(b)3., Florida Statutes (1997) as an habitual violent offender.
We reject appellant’s constitutional arguments. See Bloodworth v. State, 754 So.2d 894 (Fla. 1st DCA 2000); Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), rev. granted — So.2d — (Fla. Feb. 3, 2000); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla.1999).
However, we vacate Appellant’s sentence for the charge of aggravated fleeing or attempt to elude an officer because it is not an offense for which a prison *695 releasee reoffender sentence may be lawfully imposed. See Crump v. State, 746 So.2d 558 (Fla. 1st DCA 1999). Likewise, we vacate appellant’s 15-year sentence for third degree felony charges as a prison releasee reoffender and habitual violent felony offender as exceeding the maximum sentence for a third degree felony.
Because these sentences were the product of a negotiated plea agreement, the State must have the opportunity to determine whether it will accept a plea agreement, or whether the case should proceed to trial. Rainey v. State, 741 So.2d 1207 (Fla. 1st DCA 1999); Clay v. State, 750 So.2d 158 (Fla. 1st DCA 2000); Akins v. State, 691 So.2d 587 (Fla. 1st DCA 1997). Accordingly, we VACATE Appellant’s sentence and REMAND for further proceedings. We also certify the following question certified in Woods as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
BARFIELD, C.J., BOOTH and WOLF, JJ., CONCUR.