LEWIS, J.
We have for review the decision in Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), in which the First District certified the same question that it had certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345(Fla.2000).[1] We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
Turner challenges his sentence under the Prison Releasee Reoffender Act[2] (“the Act”) on several grounds, all of which have been addressed by this Court in other opinions. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act, and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers, nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment). Accordingly, the decision in Turner is approved to the extent it is consistent with this Court’s opinions in Cotton and Grant.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur. QUINCE, J., dissents with an opinion.

. As framed in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. See § 775.082(8), Fla.Stat. (1997).