740 So.2d 20 (1999)
Nathaniel WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1955.
District Court of Appeal of Florida, First District.
March 26, 1999.
*21 Nancy A. Daniels, Public Defender; Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Convicted of unarmed robbery, appellant seeks review of his sentence pursuant to section 775.082, Florida Statutes (1997), as a "prison releasee reoffender." He asserts that the statute is facially unconstitutional because it violates the separation of powers clause of the Florida Constitution and the due process and equal protection clauses of both the United States and the Florida Constitutions. We affirm.

I.

Factual Background
Prior to trial, the state filed a notice of its intent to seek to have appellant sentenced pursuant to section 775.082, Florida Statutes (1997), as a prison releasee reoffender, should he be convicted. Following the jury's verdict, appellant filed a motion to dismiss the state's notice of intent, arguing that the statute was facially unconstitutional. The trial court subsequently denied the motion. The state presented evidence establishing that appellant had been released from prison approximately one month before he had committed the robbery of which the jury had found him guilty. In response to the state's request that it do so, the trial court sentenced appellant, as a prison releasee reoffender, to 15 years in prison. This appeal follows.

II.

Separation of Powers
The "Prison Releasee Reoffender Punishment Act," which amended section 775.082, Florida Statutes, took effect on May 30, 1997. Ch. 97-239, §§ 1, 7, at 4398, 4404, Laws of Fla. To the extent relevant, it reads:
(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
. . . .
g. Robbery;
. . . .
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:

*22 . . . .
c. For a felony of the second degree, [to] a term of imprisonment of 15 years....
. . . .
(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.
(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.
(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
2. For every case in which the offender meets the criteria in paragraph (a) and does not receive the mandatory minimum prison sentence, the state attorney must explain the sentencing deviation in writing and place such explanation in the case file maintained by the state attorney. On a quarterly basis, each state attorney shall submit copies of deviation memoranda regarding offenses committed on or after the effective date of this subsection, to the President of the Florida Prosecuting Attorneys Association, Inc. The association must maintain such information, and make such information available to the public upon request, for at least a 10-year period.
Id. § 2. Appellant contends that the Act is an unconstitutional violation of the separation of powers clause found in article II, section 3, of the Florida Constitution because it deprives the judiciary of all sentencing discretion, placing that discretion in the hands of the state attorney, who is a member of the executive branch. The first question that we must answer is whether the Act does, in fact, remove all (or substantially all) sentencing discretion from the judicial branch, placing it, instead, in the executive branch. Assuming an affirmative answer to that question, we must next decide whether, by doing so, the Act violates the separation of powers clause.
The district courts of appeal which have addressed the question of whether the Act removes all sentencing discretion from the trial judge have reached differing conclusions. Compare State v. Cotton, 24 Fla. L. Weekly D18, 728 So.2d 251 (Fla. 2d DCA 1998) (concluding "that the trial court, not the prosecutor, has the responsibility to determine the facts and to exercise the discretion permitted by the statute"), with McKnight v. State, 24 Fla. L. Weekly D439, 727 So.2d 314 (Fla. 3d DCA 1999) (concluding that, when the prosecutor decides to seek sentencing pursuant to the Act and proves the defendant's eligibility, "the trial judge must impose the sentence" mandated by the Act). Our own analysis of the Act leads us to conclude that the legislature's rather clearly expressed intent was to remove substantially all sentencing discretion from trial judges in cases where the prosecutor elects to seek sentencing pursuant to the Act. In such a case, upon proof that the defendant qualifies as a prison releasee reoffender, the trial judge must impose the sentence mandated by the Act unless some other *23 provision of law authorizes "a greater sentence," and the judge elects to impose the "greater sentence." Subparagraph (8)(d)1. does leave room for some discretion not to treat as a prison releasee reoffender a defendant who otherwise qualifies for such treatment. However, it is clear from the plain language of the Act, read as a whole, that such discretion was intended to extend only to the prosecutor, and not to the trial court. Accordingly, we note apparent conflict with State v. Cotton.
Because we conclude that the language of the Act is clear and unambiguous, we find it unnecessary to rely on legislative history. However, the legislative history of the Act does appear to be consistent with our construction. The House of Representatives Bill Research and Economic Impact Statement for CS/CS/HB 1371 (which was eventually enacted as Chapter 97-239) states (at page 5) that, "[u]pon the court finding, by a preponderance of the evidence, that the proper showing has been made, the court must impose the prescribed sentence." The Senate Staff Analysis and Economic Impact Statement for CS/SB 2362 (which was almost identical to the House version) is even more explicit. It states (at page 6) that the "provisions require the court to impose the mandatory minimum term if the state attorney pursues sentencing under the[] provisions and meets the burden of proof for establishing that the defendant is a prison releasee reoffender" (emphasis in original); and (at page 10) that the bill would "give[] the state attorney the total discretion to pursue prison releasee reoffender sentencing. If the court finds by a preponderance of the evidence that the defendant qualifies, it has no discretion and must impose the statutory maximum allowable for the offense." As the House and the Senate Reports both recognized, the effect of the proposal would be to impose a mandatory minimum sentencing requirement in all cases where the prosecutor was able to establish that the defendant qualified as a prison releasee reoffender. Accordingly, the next question which we must address is whether a statute which imposes a mandatory minimum sentencing requirement violates the separation of powers clause of the Florida Constitution.
Article II, section 3, of the Florida Constitution reads:
Branches of government.The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
"Florida's Constitution absolutely requires a `strict' separation of powers.... If a statute purports to give one branch powers textually assigned to another by the Constitution, then the statute is unconstitutional." B.H. v. State, 645 So.2d 987, 991-92 (Fla.1994). In Florida, the plenary power to prescribe the punishment for criminal offenses lies with the legislature, not the courts. See, e.g., State v. Coban, 520 So.2d 40, 41 (Fla.1988); Borges v. State, 415 So.2d 1265, 1267 (Fla.1982); Brown v. State, 152 Fla. 853, 13 So.2d 458, 461 (1943). Decisions whether and how to prosecute one accused of a crime and whether to seek enhanced punishment pursuant to law rest within the sphere of responsibility relegated to the executive, and the state attorneys possess complete discretion with regard thereto. See, e.g., Young v. State, 699 So.2d 624, 627 (Fla. 1997); State v. Bloom, 497 So.2d 2, 3 (Fla. 1986). In the Prison Releasee Reoffender Punishment Act, the legislature has exercised its power to prescribe the punishment for those convicted of crimes following recent release from incarceration. By vesting in the state attorneys the discretion to decide who should be punished pursuant to the Act, the legislature has done nothing more than recognize that such a role is, constitutionally, one which lies within the sphere of responsibility of the executive branch. Our supreme court *24 has said that a statute which requires the imposition of a mandatory minimum sentence if certain conditions are met does not violate the separation of powers clause by virtue of the fact that it removes sentencing discretion from the judiciary. Scott v. State, 369 So.2d 330 (Fla.1979). Accordingly, we hold that the Prison Releasee Reoffender Punishment Act does not violate the separation of powers clause of the Florida Constitution.
Unlike the United States Constitution and the constitutions of some other states, the Florida Constitution contains a "strict" separation of powers provision. See, e.g., B.H. v. State, 645 So.2d 987, 991 (Fla. 1994); Askew v. Cross Key Waterways, 372 So.2d 913, 924 (Fla.1978). Nevertheless, we find additional persuasive authority for our conclusion in the fact that challenges to "three strikes" and other similar sentencing statutes, which require the imposition of mandatory sentences if specified conditions are met, on the ground that they violate the concept of separation of powers, have been overwhelmingly unsuccessful. See McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999) (discussing various state and federal cases).
While we are reasonably confident that we have reached the correct conclusion, we confess that we find somewhat troubling language in prior Florida decisions suggesting that depriving the courts of all discretion in sentencing might violate the separation of powers clause. See, e.g., State v. Benitez, 395 So.2d 514, 519 (Fla. 1981) (rejecting a separation of powers challenge to a statute requiring mandatory minimum sentences for drug trafficking because the sentencing judge retained discretion to reduce or suspend the sentence upon the request of the state attorney for substantial assistance by the defendant, and citing a New York case for the proposition that, "`[s]o long as a statute does not wrest from courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities'"); London v. State, 623 So.2d 527, 528 (Fla. 1st DCA 1993) (rejecting a separation of powers challenge to the habitual felony offender statute "[b]ecause the trial court retains discretion in classifying and sentencing a defendant as a habitual offender"). Accordingly, as the conclusion to this opinion reflects, we have elected to certify to the supreme court a question of great public importance.

III.

Due Process
Appellant next argues that the Act violates the due process clauses of the Florida (art. I, § 9) and the United States (amend.XIV, § 1) Constitutions because it "encourage[s] arbitrary and erratic enforcement" and is "so vague that an accused must speculate about its meaning." Before a state criminal statute may be held to be unconstitutionally vague, it must "either ... (1) fail to give fair notice to persons of common intelligence as to what conduct is required or proscribed; or (2) encourage arbitrary and erratic enforcement." State v. Moo Young, 566 So.2d 1380, 1381 (Fla. 1st DCA 1990). If a defendant challenges as unconstitutionally vague on its face a statute which does not implicate constitutionally protected conduct, the court must decide whether the statute "is impermissibly vague in all of its applications." Travis v. State, 700 So.2d 104, 106 (Fla. 1st DCA 1997), review denied, 707 So.2d 1128 (Fla.1998). If the statute is not impermissibly vague when considered in light of the facts of the particular case, the challenge fails. Id. In other words, "[o]ne to whose conduct a statute clearly applies may not challenge it for vagueness." Ladd v. State, 715 So.2d 1012, 1014 (Fla. 1st DCA 1998). On the facts of this case, there is no question but that the Act was intended to apply to appellant's conduct. The fact that the Act vests in the prosecutor the discretion to decide whether an eligible defendant should be sentenced pursuant to the Act does not render the Act unconstitutionally vague. See State v. Werner, 402 So.2d 386 *25 (Fla.1981). Accordingly, we hold that appellant has failed to establish that the Act is unconstitutionally vague on its face.

IV.

Equal Protection
Appellant's third and final argument is that the Act violates the equal protection clauses of the Florida (art. I, § 2) and the United States (amend.XIV, § 1) Constitutions because it "vests complete discretion in the state attorney" regarding the defendants to whom the Act will be applied, thereby presenting a risk that similarly situated defendants will be treated differently. We rejected a substantively identical argument addressed to the habitual felony offender statute in Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla.1990). We find the language of Barber apposite here:
Barber claims that the statute violates the equal protection clause because nothing in the law prevents two defendants with similar or identical criminal records from being treated differently one may be classified as a habitual felony offender, while the other might instead be sentenced under the sentencing guidelines....
The United States Supreme Court, however, has held on numerous occasions that the guarantee of equal protection is not violated when prosecutors are given the discretion by law to "habitualize" only some of those criminals who are eligible, even though their discretion is not bound by statute.... Mere selective, discretionary application of a statute is permissible; only a contention that persons within the habitual-offender class are being selected according to some unjustified standard, such as race, religion, or other arbitrary classification, would raise a potentially viable challenge....
Similarly, the executive branch is properly given the discretion to choose which available punishments to apply to convicted offenders.
Id. at 1170-71 (citations omitted). We hold that appellant has failed to make out a violation of either the state or the federal equal protection clause.

V.

Conclusion
Based upon the foregoing analysis, we reject appellant's challenge to the Prison Releasee Reoffender Punishment Act, and affirm appellant's sentence as a prison releasee reoffender. However, we certify the following question to the supreme court, as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
ALLEN and VAN NORTWICK, JJ., CONCUR.