PER CURIAM.
We affirm appellant’s convictions and sentences in all respects.[1] We do, however, certify the same question certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), as being one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
WOLF, KAHN and PADOVANO, JJ., concur.

. We find the one alleged improper comment of the prosecutor does not merit reversal in light of the judge's instruction to the jury. As a warning to this prosecutor and other prosecutors who become too overzealous in their argument, we note with approval the following passage from the state’s brief:
While the State acknowledges that this particular prosecutor has caused reversible error in a prior case, the appropriate remedy for an overzealous prosecutor is to report him or her to the Florida Bar. Cook v. State, 714 So.2d 1132 (Fla. 1st DCA 1998) (holding that prosecutor’s comment on defendant’s postarrest silence was not harmless); State v. Murray, 443 So.2d 955, 956 (Fla.1984) (stating that [with] overzealousness or misconduct on the part of either the prosecutor or defense lawyer, it is proper for either trial or appellate courts to exercise their supervisory powers by registering their disapproval, or, in appropriate cases, referring the matter to The Florida Bar for disciplinary investigation). The reversal of a valid criminal conviction is not a proper method for disciplining members of the Florida Bar.
First, appellate courts have the option of registering their disapproval by printing the name of the prosecutor in their opinions. Gore v. State, 719 So.2d 1197 (Fla.1998) (reversing the conviction for unethical conduct by the prosecutor but failing to specifically name the prosecutor). Prosecutors, concerned about their professional reputations, may tone down their comments if they are named in a case and admonished for unethical conduct in print. Appellate courts may use their opinions as “bully pulpits” to control the behavior of a prosecutor. If the prosecutor ignores such admonishments in future prosecutions, the Court can report the several instances of misconduct to the Florida Bar.
Secondly, the problem with reversing a conviction rather than reporting the prosecutor to the bar is that the prosecutor "gets to walk” from his or her error. Prosecutors have often gone into private practice by the time the case is remanded for a new trial. The reversal of a case does not affect, in any manner whatsoever, a prosecutor who is now in private practice if he is not reported to the bar or named in the opinion. A reversal does not even require the particular prosecutor to retry the case, another prosecutor will be assigned to retry the case. Additionally, the defendant receives the windfall of a new trial when an appellate court uses a reversal as a means of regulating the conduct of prosecutors even though there was no prejudicial error in his first trial.