PER CURIAM.
This appeal arises from Appellant’s sentence as a prison releasee reoffender. We reject Appellant’s numerous challenges to the constitutionality of section 775.082(8), Florida Statutes (1997). See Chambers v. *96 State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351, 352 (Fla. 1st DCA 1999) (citing Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla.1999)). We affirm all other issues without further comment.
Accordingly, we affirm Appellant’s sentence. However, as in Woods, we certify the following question to the Florida Supreme Court as a matter of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
BOOTH, LAWRENCE and DAVIS, JJ., CONCUR.