PER CURIAM.
Appellant appeals his conviction and sentence as a prison releasee reoffender. We reject appellant’s challenges to the constitutionality of section 775.082(8), Florida Statutes (1997). See Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351, 352 (Fla. 1st DCA 1999), citing Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999). We affirm the other issues presented without further comment.
Accordingly, we affirm appellant’s conviction and sentence. However, as in Woods, we certify the following question to *768 the Florida Supreme Court as a matter of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
JOANOS, MINER and DAVIS, JJ.,CONCUR.