PER CURIAM.
This consolidated appeal is before us on direct appeal of Appellant’s judgments and sentences. In the case involving counts I and II,[1] Appellant challenged the constitutionality of the Prison Releasee Reoffender Act (“the Act”). This court has previously rejected Appellant’s claims that the Act violates the separation of powers doctrine. See Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), rev. granted, — So.2d - (Fla. Feb. 3, 2000); Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), rev. granted, 740 So.2d 529 (Fla. Aug. 23, 1999). Therefore, we affirm this trial court’s ruling. As in Woods, supra, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
On cross-appeal of the judgment and sentence in the case involving counts III and IV, the State challenges the trial court’s ruling that the Act is unconstitutional. This court has held that the Act does not violate due process, and does not constitute cruel and unusual punishment. See Turner, supra; Woods, supra. The Act is not an ex post facto law because Appellant committed his new offenses after the Act’s May 30, 1997, effective date. See Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000) (citing Williams v. State, 743 So.2d 1154, 1155 (Fla. 2d DCA 1999)). We REVERSE and REMAND the judgment and sentence from counts III and IV for resentencing as a prison releasee reof-fender. As to all other issues, we AFFIRM but CERTIFY the above-stated question as one of great public importance.
ERVIN, BOOTH and BENTON, JJ„ CONCUR.

. The trial court severed counts I and II of the information from counts III and IV for separate trials.