PER CURIAM.
Appellant raises various constitutional challenges to section 775.082(8), Florida Statutes, all of which this court has rejected in previous opinions. See Wright v. State, case No. 1D98-1141, — So.2d -, 2000 WL 424053 (Fla. 1st DCA April 20, 2000); Chambers. v. State, 752 So.2d 64 (Fla. 1st DCA 2000); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999), citing Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted 740 So.2d 529 (Fla.1999). Consistent with those cases, we affirm and certify the same question previously certified in Woods regarding separation of powers. As to the claim that it was improper to sentence appellant under both the habitual offender statute and the prison releasee reoffender statute for a single offense, we acknowledge conflict with the Fourth and Fifth Districts, as noted in Wright. And as to issue of judicial discretion to impose the prison releasee reoffen-der sentence, we note apparent conflict with the Second District, as noted in Woods.
AFFIRMED.
JOANOS, PADOVANO and BROWNING, JJ., CONCUR.