PER CURIAM.
We have for review the decision in Moore v. State, 729 So.2d 541 (Fla. 1st DCA 1999), in which the district court, as it did in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), certified the following question:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
*322 We recently approved the First District’s opinion in Woods, holding that the Prisoner Releasee Reoffender Act, as properly interpreted by the First District, does not violate separation of powers. See State v. Cotton, Nos. SC94996 & SC95281, - So.2d -, 2000 WL 766521 (Fla. June 15, 2000). Accordingly, for the reasons expressed in Cotton, we answer the certified question in the negative and approve the First District’s decision in this case.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.