PER CURIAM.
We have for review the decision in State v. Damico, 742 So.2d 349 (Fla. 2d DCA 1999), which the district court certified to be in conflict with the opinion in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), and McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently approved the First District’s decision in Woods, holding that the Prison Releasee Reoffender Act, as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, Nos. SC94996 & SC95281, — So.2d -, 2000 WL *525 766521 (Fla. June 15, 2000). Accordingly, for the reasons expressed in Cotton, we quash the Second District’s decision in this case, and remand for further proceedings consistent with our opinion in Cotton. Because it appears that the respondent entered a plea of guilty with the understanding that respondent, upon such plea, would not be sentenced pursuant to the Act, upon remand to the trial court, respondent shall have the right to withdraw his guilty plea.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.