LEWIS, J.
We have for review the decision in Jackson v. State, 744 So.2d 466 (Fla. 1st DCA 1999), in which the First District certified the same question it had in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000).[1] We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
We have recently approved the First District’s decision in Woods, holding that the Prison Releasee Reoffender Act[2] (the “Act”), as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, 769 So.2d 345 (Fla.2000). Accordingly, for the reasons expressed in Cotton, we answer the certified question in the negative and approve the First District’s decision.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ„ concur.
QUINCE, J., dissents with an opinion.

. As framed in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. See § 775.082(8)(a), Fla.Stat. (1997).