LEWIS, J.
We have for review the decision in Clarke v. State, 765 So.2d 726 (Fla. 1st DCA 1999), in which the First District certified the same question as in Woods v. State,[1] 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 845 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Clarke challenges his sentence under the Prison Releasee Reoffender Act[2] (“the Act”) on several grounds, all of which have been addressed by previous opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment).
We also find Clarke’s challenges to his sentencing as an habitual violent felony offender to be lacking in merit. See Herrington v. State, 643 So.2d 1078 (Fla.1994) (finding trial judge’s failure to make findings of fact before subjecting defendant to sentencing under recidivist statute to be harmless error where record contained un-rebutted evidence of defendant’s prior convictions).
Accordingly, the decision in Clarke is approved to the extent it is consistent with Grant and Cotton.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. As framed in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. See § 775.082(8), Fla. Slat. (1997).