LEWIS, J.
We have for review Snell v. State, 752 So.2d 95 (Fla. 1st DCA 2000), in which the district court certified the same question of great public importance that it had in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999) approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000).[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Snell challenges his thirty-year prison sentence under the Prison Releasee Reof-fender Act[2] (the “Act”) on several grounds, all of which have been previously addressed by other opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment).
We also find the other issues raised by Snell lacking in merit and decline to comment further. Accordingly, we approve the decision in Snell.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. As stated in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. See § 775.082(8), Fla. Stat. (1997).