PER CURIAM.
The State appeals the sentence imposed upon Jarvis Fortson upon his conviction of attempted first degree murder.[1] We reverse and remand for resentencing.
After conviction, sentencing was scheduled and a presentence investigation report was ordered. On the day of the sentencing hearing, the State filed a notice titled Notice of Intent to Seek Prisoner Releasee Reoffender Punishment Act. This notice asserted that the State would seek the enhanced maximum penalty pursuant to section 775.082(9), Florida Statutes, and alleged that Fortson had previously been released “from a state correctional facility operated by the Department of Corrections” on August 23,1999. The offenses at issue were committed on October 27, 1999. When the trial judge asked defense counsel if he was aware of the State’s notice, defense counsel responded that he had received it just before the hearing began but that he was not surprised by the notice and there was no dispute about when Fort-son was released in relation to when the present offense was alleged to have been committed. Defense counsel also stated that he did receive the PSI and had no changes, corrections, deletions, or additions that needed to be made to it.
Defense counsel did not argue that Fortson did not qualify for enhanced sentencing as a prison releasee reoffender. The trial judge, however, failed to determine whether Fortson qualified as a prison releasee reoffender and instead imposed concurrent sentences of thirty years imprisonment for the offense of attempted murder and fifteen years imprisonment for the offense of possession of a firearm by a convicted felon. When the prosecutor inquired if the sentence was as a prison releasee reoffender, the trial judge responded: “Not if you’re telling me I have to mandatorily give him life under a PRR sentence.” When the prosecutor responded that is what the law provided, the trial judge stated: “That’s why I’m not sentencing him as a PRR.”
“[U]pon proof that the defendant qualifies as a prison releasee reoffender, the trial judge must impose the sentence mandated by the Act unless some other provision of law authorizes ‘a greater sentence,’ and the judge elects to impose the ‘greater sentence.’” Woods v. State, 740 So.2d 20, 22-23 (Fla. 1st DCA 1999), approved State v. Cotton, 769 So.2d 345 (Fla. 2000). Accordingly, the trial judge erred in failing to determine whether Fortson qualified as a prison releasee reoffender. Because defense counsel did not challenge the information in the notice of intent to seek enhanced sentencing or in the presen-tence investigation report, we reverse and remand for resentencing pursuant to section 775.082(9), Florida Statutes (1999).
REVERSED and REMANDED.
BARFIELD, WEBSTER, and BENTON, JJ., CONCUR.

. Fortson filed a cross-appeal. The Assistant Public Defender filed an Anders brief (Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Fortson did not file a pro-se brief. After a review of the record, we find no issues which would warrant relief from the convictions.