849 So.2d 1139 (2003)
Frederick L. SNELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D03-0586.
District Court of Appeal of Florida, First District.
July 17, 2003.
*1140 Frederick L. Snell, petitioner, pro se.
Charles J. Crist, Jr., Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
By petition filed with this court in February 2003, Frederick L. Snell seeks a belated appeal of a September 28, 1998, order denying his motion to vacate sentence. Under the peculiar facts of this case, we grant the petition.
Snell was sentenced on September 9, 1998, and on September 14, 1998, he filed a pro se motion to vacate sentence, seeking relief pursuant to Florida Rule of Criminal Procedure 3.850. One week later, he filed a second motion to vacate sentence. It appears that the trial court treated the second motion as a supplement to the first and denied relief through its order of September 28, 1998 (hereafter referred to as the "September 1998 order"). The following day, September 29, 1998, a timely notice of appeal directed to the underlying judgment and sentence was filed. Snell's conviction and sentence were affirmed by this court and that decision was approved by the supreme court in Snell v. State, 752 So.2d 95 (Fla. 1st DCA 2000), approved, 777 So.2d 972 (Fla.2001). Mandate in the direct appeal ultimately issued on March 5, 2001.
According to petitioner's sworn allegations, he was not timely furnished a copy of the September 1998 order and did not learn of its existence until after his direct appeal became final in March 2001. In the interim, unaware that his motions to vacate sentence had been disposed of, he filed a motion in March 1999 seeking to withdraw the motions without prejudice. By order of April 9, 1999, the trial court granted Snell's request to withdraw the rule 3.850 motions he had filed in September 1998, but its order made no mention of the fact that those motions had already been denied. In support of his request that he now be granted a belated appeal of the September 1998 order, Snell points out that he did not receive that order until more than two years after the time for initiating an appeal had expired, and that the order did not advise him of his appellate rights as required by rule 3.850(g). He further asserts that he was misled by the April 1999 order, thereby frustrating his right to timely seek relief from this court.
Under Florida Rule of Appellate Procedure 9.141(c)(4)(A), a petition seeking belated appeal must generally be filed within two years after the time for filing the notice of appeal expires, and Snell's petition in this case falls outside of this time period. However, the two year limitation may be overcome by a showing that the petitioner was not advised of his right to appeal and should not have ascertained the *1141 existence of that right by the exercise of due diligence. See Fla. R.App. P. 9.141(c)(4)(A)(i) and (ii). Here, Snell's sworn allegations and the attachments to his petition establish that he was not advised of his right to appeal in the September 1998 order, and more importantly, he was unaware that any right to appeal had accrued until he received the order in March 2001. While in ordinary circumstances he likely would be faulted for not exercising due diligence to determine the disposition of his motions during the two year period contemplated by the rule, petitioner had no reason to make such an inquiry in this case because he believed that in accordance with the April 1999 order, he had been permitted to withdraw his motions to vacate sentence. Accordingly, we conclude that Snell has pled an adequate basis for avoiding the two year time limitation imposed by the rule. We further conclude that he otherwise timely sought relief to the extent his petition seeking belated appeal was filed within two years of his discovery of the existence of September 1998 order. Cf. Adams v. State, 543 So.2d 1244 (Fla.1989)(holding that a rule 3.850 motion based upon new facts or a significant change in the law must be filed within two years of the time such facts become known or such change is announced).
In response to our order to show cause why a belated appeal should not be granted, the state expresses skepticism concerning Snell's claim that he did not receive the September 1998 order until nearly two and one-half years after its rendition, but it has not established a good faith basis for disputing petitioner's factual allegations in this regard. See Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998). The state next asserts that Snell's request for a belated appeal should be barred by the doctrine of laches, but this argument fails because the state has failed to articulate any actual prejudice it will suffer if a belated appeal is granted. See Bashlor v. Wainwright, 374 So.2d 546 (Fla. 1st DCA 1979); see also Nava v. State, 652 So.2d 1264 (Fla. 4th DCA 1995). Finally, we reject the state's contention that Snell has already been afforded an appeal of the September 1998 order. The appeal to which the state refers in this regard concerned the denial of a motion for postconviction relief Snell filed in 2001. The fact that the trial court denied the 2001 motion as successive in light of the September 1998 order did not call the merits of that order up for review.
Accordingly, the petition seeking a belated appeal of the order of September 28, 1998, denying petitioner's motion to vacate sentence in Clay County Circuit Court case number 97-1108-CF-A, is granted. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as a notice of appeal. See Fla. R.App. P. 9.141(c)(5)(D).
PETITION FOR BELATED APPEAL GRANTED.
ERVIN, PADOVANO and POLSTON, JJ., concur.