PER CURIAM.
Having considered the appellant’s response to this Court’s order of September 8, 2006, we dismiss this appeal for lack of jurisdiction. On May 7, 2002, the trial court entered an order denying the appellant’s motion for postconviction relief. The appellant then filed a timely motion for rehearing that was denied by the trial court on July 1, 2002. Following the denial of the original motion for rehearing, the appellant filed a “Motion for Rehearing Refiled” and a “Motion to Amend Motion for Rehearing.” These motions were not denied by the trial court until July 11, 2006. The appellant filed his notice of appeal on July 25, 2006.
Rules 9.110(b) and 9.140(b)(3) require the appellant to file his or her notice of appeal within thirty days of rendition of the order to be reviewed. Although the rendition of an order is delayed if an authorized and timely motion for rehearing is filed, Fla. R.App. P. 9.020(h), the appellant’s “motion for rehearing refiled” and “motion to amend motion for rehearing” were not authorized, as the defendant had already filed an authorized motion for rehearing that had been denied. See Griffis v. State, 593 So.2d 308 (Fla. 1st DCA 1992) (noting that unless a motion for rehearing is clearly authorized, the motion does not postpone rendition of the order); Johnson v. Johnson, 902 So.2d 241 (Fla. 1st DCA 2005) (noting that for purposes of determining the timeliness of an appeal, a second motion for rehearing is ordinarily unauthorized); cf. Fla. R.App. P. 9.330(b) (“A party shall not file more than 1 motion for rehearing or for clarification of decision and 1 motion for certification with respect to a particular decision.”). Because the notice of appeal was filed more than 30 days after rendition of the order and the unauthorized motions for rehearing did not delay rendition, this Court is without appellate jurisdiction. See Fla. R.App. P. 9.110(b).
In his response to this Court’s order to show cause, the appellant requests that this court grant him a belated appeal. However, a petition for belated appeal must be filed within two years of the order being appealed becoming final, unless the appellant asserts that he was not advised of his right to appeal and should not have discovered the existence of that right through the exercise of due diligence. See Fla. R.App. P. 9.141(c)(4)(A); Snell v. State, 849 So.2d 1139 (Fla. 1st DCA 2003). The order denying the appellant’s motion became final on July 1, 2002, when the trial court denied the appellant’s original motion for rehearing. The appellant’s request for a belated appeal comes more than two years after the order became final, and he has not alleged that he was not advised of his right to appeal. Thus, *1102 the appellant is not entitled to a belated appeal.
DISMISSED.
WEBSTER, VAN NORTWICK, and PADOVANO, JJ., concur.