992 So.2d 300 (2008)
Carlos RUIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1350.
District Court of Appeal of Florida, Third District.
September 24, 2008.
*301 Carlos Ruiz, in proper person.
Bill McCollum, Attorney General, for appellee.
Before SHEPHERD, CORTIÑAS, and SALTER, JJ.
SALTER, J.
Carlos Ruiz appeals a trial court order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm. After considering Ruiz's response to this Court's order to show cause, we also prohibit Ruiz from filing further pro se pleadings in this Court pertaining to circuit court case number 82-28811.
Ruiz pled nolo contendere to two counts of attempted sexual battery on a minor in 1985. As a result of that plea, Ruiz was sentenced to life in prison. That sentence was ultimately vacated by this Court. See Ruiz v. State, 537 So.2d 682 (Fla. 3d DCA 1989). On remand, Ruiz was sentenced to two consecutive thirty-year sentences.
Since his re-sentencing, Ruiz has filed numerous postconviction motions and petitions for habeas corpus.[1] All have been denied by the trial court and many of the denials have been affirmed here, or we have dismissed the appeal outright. Ruiz's latest rule 3.800(a) motion is a rehash of one filed with the trial court in 2005 in which he claimed he was sentenced beyond "constitutional authority." As it did in 2005, the trial court correctly denied the present motion.

Rule 3.800 and 3.850
Although a court may correct an illegal sentence "at any time," see Florida Rule of Criminal Procedure 3.800(a), and criminal defendants may file successive motions (with different claims) under rule 3.800(a), previously adjudicated claims may not be raised again. State v. McBride, 848 So.2d 287, 291 (Fla.2003).
While Ruiz moved to correct his sentence, he is actually challenging his convictionsthe results of a negotiated plea. See e.g., Nedd v. State, 855 So.2d 664 (Fla. 2d DCA 2003). Such claims are better suited for a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
*302 It has been nearly twenty-five years since Ruiz was convicted and sentenced, however. He is thus time-barred from seeking relief according to Rule 3.850(b). Additionally, Rule 3.850(f) bars the filing of successive motions or in making claims that could have been raised in previous postconviction motions. Ruiz is therefore procedurally barred from filing a motion under Rule 3.850.
Because Ruiz's claims have already been adversely decided on the merits, the claims are not cognizable under rule 3.800(a), and he is both time-barred and procedurally barred from raising them under rule 3.850. See Concepcion v. State, 944 So.2d 1069 (Fla. 3d DCA 2006).

Frivolous Appeals
On June 19, 2008, we issued an order directing Ruiz to show why he should not be prohibited from filing further pro se pleadings in this Court. After reading Ruiz's response, we find he has not shown good cause. While we recognize that incarcerated defendants must be provided the full range of procedural opportunities to address the legality of their incarceration, see State v. Spencer, 751 So.2d 47 (Fla.1999), Florida's judicial system has limited resources. These resources should not be spent weighing successive and meritless motions which have already been heard, considered, denied, and then raised again in a potentially endless cycle. There comes a point where "enough is enough." Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
Based upon a careful review of Ruiz's postconviction filings in this Court, we conclude Ruiz has reached that point. We therefore order that any pleadings filed in this Court relating to circuit court case number 82-28811 be reviewed and signed by an attorney licensed to practice law in this State. We direct the Clerk of this Court not to accept any further pro se pleadings from Carlos Ruiz relating to that case. We further direct the Clerk of this Court to forward a certified copy of this opinion to the appropriate correctional institution for consideration of disciplinary procedures pursuant to section 944.279, Florida Statutes (2008), including, but not limited to, the loss of gain time as provided in section 944.28(2)(a), Florida Statutes (2008).
Affirmed.
NOTES
[1] This Court's case numbers for those various pleadings are 3D86-2781, 3D91-2184, 3D91-2827, 3D95-2402, 3D96-3101, 3D97-2356, 3D98-2802, 3D01-1623, and 3D02-3280. Not all of Ruiz's pro se pleadings have been appealed, however. As the State represents in a response to one of Ruiz's earlier rule 3.800(a) motions, Ruiz "has challenged the sentence imposed . . . at least ten times in the trial court, nine times in [this Court], once in the Florida Supreme Court and once in the federal court."