HAWKES, C.J.
 

 Appellant challenges the trial court’s denial of his motion, brought pursuant to Florida Rules of Criminal Procedure 3.700, 3.800(a), 3.800(b), and 3.850 (2009), to correct, vacate, or set aside his sentence as a prison releasee reoffender (PRR). Appel
 
 *981
 
 lant argues that because his prior release from prison occurred before the effective date of the PRR statute (§ 775.082(9)(a)(l), Fla. Stat.), it cannot be used to enhance the sentence on any new crime he commits. Because the statute is often employed in such circumstances, Appellant challenges its constitutionality, both on its face and “as applied” in his case. These challenges are meritless, and a clear waste of judicial time and resources.
 

 First, the four Rules cited by Appellant as the basis for his motion are inapplicable to his case:
 

 • Florida Rule of Criminal Procedure 3.700 does not allow for postconviction relief.
 

 • Florida Rule of Criminal Procedure 3.800(a) cannot be used as a vehicle for challenging the constitutionality of a sentencing statute.
 
 See Thomas v. State,
 
 778 So.2d 429, 430 (Fla. 5th DCA 2001). Such challenges, which seek to change the law, must be raised at sentencing and on direct appeal.
 
 Id.; see also Allen v. Buttenuorth,
 
 756 So.2d 52, 54-55 (Fla.2000).
 

 • Florida Rule of Criminal Procedure 3.800(b), by its very terms, applies only to those motions to correct sentencing errors brought before or during the pendency of an appeal.
 

 • Florida Rule of Criminal Procedure 3.850(b) requires that motions to vacate sentences be brought within two years of the judgment and sentence becoming final. Here, the record indicates Appellant was convicted in December 2000, and his judgment and sentence became final soon thereafter. He then waited until October 2009 to file the instant motion.
 
 [1]
 

 These are not subtle legal technicalities which a pro se defendant could understandably overlook. With the exception of Rule 3.800(a), each of these procedural bars are plainly stated in the very language of the Rules. Had Appellant performed even a cursory examination of the Rules he was citing, he would have realized this. The fact that these Rules were cited implies that such a review — however slight — was not performed.
 

 Second, even if considered on the merits, Appellant’s facial and “as applied” challenges to the PRR statute are absurd. Appellant’s facial challenge has been addressed and rejected by clear precedent. At the time Appellant was sentenced as a PRR in 1998, section 775.082(9)(a)(l) defined a PRR as any defendant who committed an enumerated offense “within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.” Ample caselaw has found no constitutional impediment to applying the statute to those defendants whose prison terms ended prior to its effective date, so long as the new crime occurred after the statute became effective.
 
 See Grant v. State,
 
 770 So.2d 655, 661-62 (Fla.2000);
 
 Palmore v. State,
 
 790 So.2d 444, 446 (Fla. 1st DCA 2000);
 
 Mobley v. State,
 
 765 So.2d 734, 735 (Fla. 1st DCA 2000). Again, even the
 
 *982
 
 slightest of research would have shown Appellant that his facial challenge would be unsuccessful.
 

 Similarly meritless is Appellant’s “as applied” challenge. Appellant was released from imprisonment on October 19, 1995. Within three years of his release, on July 28, 1998, he committed robbery, an enumerated offense under the PRR statute.
 
 See
 
 § 775.082(9)(a)(l)(g), Fla. Stat. (1998). Therefore, when he was subsequently sentenced for the robbery charge, he met all the prerequisites for PRR status.
 

 In sum, Appellant’s challenges were procedurally barred and substantively meritless. At the very least, Appellant should have become aware of the fruitlessness of his motion once he received the trial court’s order of denial, which clearly detailed why his claims were invalid. Nevertheless, Appellant chose to proceed, requiring additional time and judicial resources to be wasted.
 
 [2]
 

 See Proctor v. State,
 
 869 So.2d 752, 753 (Fla. 5th DCA 2004), quoting
 
 United States v. Robinson,
 
 251 F.3d 594, 596 (7th Cir.2001) (“ ‘having to file, read, and return a frivolous motion is almost as great a burden on the court’s staff as the preparation of a ruling’ ”). While in no way do we wish to impede a defendant’s right to file a legitimate post-conviction appeal, a clear line must be drawn when such an appeal is so obviously baseless that it is an abuse of process. We find such a line was crossed here. We find, without reservation, that this appeal was frivolous.
 

 For this reason, in addition to affirming the denial of Appellant’s postconviction motion, we recommend that the Department of Corrections impose disciplinary sanctions on Appellant, including, if appropriate, the loss of gain time.
 
 See
 
 § 944.279(1), Fla. Stat. (2009) (stating that when an inmate files a “frivolous or malicious collateral criminal proceeding,” a court may recommend “disciplinary procedures pursuant to the rules of the Department of Corrections”); § 944.28(2)(a), Fla. Stat. (2009) (authorizing the Department of Corrections to forfeit gain time when an inmate files a “frivolous suit, action, claim, proceeding, or appeal”);
 
 see also Ruiz v. State,
 
 992 So.2d 300, 302 (Fla. 3d DCA 2008);
 
 Simpkins v. State,
 
 909 So.2d 427, 428 (Fla. 5th DCA 2005). Accordingly, pursuant to section 944.279, we direct the Clerk of this court to forward a certified copy of this opinion to the appropriate correctional facility for the consideration of disciplinary procedures against Appellant.
 

 AFFIRMED; Certified Opinion FORWARDED to the Department of Corrections.
 

 KAHN and WEBSTER, JJ„ concur.
 

 [1]
 

 . Rule 3.850(b)(l)-(3) lists three exceptions to the two-year time limit, but none apply here. The only exception meriting discussion is (b)(1), which states a 3.850 motion can be accepted, despite being untimely, when the facts on which the claim is predicated were unknown and could not have been ascertained in a timely manner. Here, Appellant filed a 3.850 motion in May 2003 raising the same claim as in the instant motion, but later withdrew it. This demonstrates Appellant was aware of his claim a full six years before he filed the instant motion. The exceptions listed in (b)(2) (providing for constitutional rights established after the two-year limitations period) and (b)(3) (providing for counsel error) clearly do not apply here.
 

 [2]
 

 .
 
 We note that although he desired judicial effort to be spent on his appeal, Appellant could not be troubled to file an appellate brief, knowing perhaps that spending further time on his arguments would be a waste of time and paper.