IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES TAYLOR,

      Appellant,

v.                                  Case No. 5D17-2259

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Brevard County,
James H. Earp, Judge.

James S. Purdy, Public Defender, and
Kevin R. Holtz, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

James Taylor appeals his three-year sentence in the Department of Corrections imposed following his violation of community control. Taylor was originally charged with two counts of robbery with a firearm, grand theft, and petit theft.[1] He entered into a negotiated plea with the State in which the State entered a nolle prosequi on the robbery

_____

[1] Taylor was also charged with resisting an officer without violence and driving a motor vehicle without a license.

and petit theft charges, and Taylor pleaded guilty to the grand theft charge. Taylor received two years of community control, followed by three years of probation. The trial court accepted the negotiated plea and sentenced Taylor accordingly.

Taylor subsequently violated his community control by committing a new offense, failing to submit to electronic monitoring, and failing to remain confined to his approved residence. During the violation hearing, Taylor admitted each of those violations in an open plea to the court. Taylor's sentencing scoresheet for the grand theft conviction reflected 19.7 points. The court ordered a presentence investigation, which resulted in a recommendation for a state prison sentence. At sentencing, Taylor did not object to the court's consideration of the presentence investigation report. The court sentenced Taylor to three years' incarceration after finding Taylor to be a danger to the community, in part based on the allegations in the arrest affidavit regarding all of the original charges.

Taylor filed a motion to correct sentence, objecting to the court's consideration of the arrest affidavit. The motion was denied, and this timely appeal followed.

Section 775.082(10), Florida Statutes (2016), provides:

> If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

Taylor argues that the trial court erred in considering the arrest affidavit in finding that he presented a danger to the community because that conduct was affiliated with charges for which he was not convicted and the grand theft conviction alone would be

2

insufficient to support the trial court's finding. We agree, in part. In sentencing Taylor, the court stated:

> The facts of the case that he plead [sic] to involve a series of several robberies committed by two people wearing hooded sweatshirts pulled down tight up on their heads. It involved robberies from separate victims over a short period of time. In fact, one of the robberies involved the use of a firearm. And based on the facts of the case for which he has plead [sic] in consideration for his prior record I do believe you are a danger to our community.

The court gleaned those facts from the arrest affidavit and, if proven by the State, would have supported a state prison sentence.[2] However, the State nolle prossed the robbery and petit theft charges, and Taylor pleaded to only the grand theft charge. The trial court's consideration of the firearm possession was foreclosed by the State's decision not to proceed on the charges that alleged possession of a firearm. See, e.g., Dinkines v. State, 122 So. 3d 477, 481 (Fla. 4th DCA 2013) (concluding that trial court erred in relying on offenses for which defendant was not convicted to support a finding under section 775.082(10)).

While Taylor requests that we direct the trial court to impose a non-state prison sentence, remand for resentencing is more appropriate. Although not mentioned by the trial court during sentencing, the presentence investigation report was submitted to the court without objection. On remand, the trial court is not foreclosed from considering the report and in otherwise reconsidering the appropriate sentence. Cf. State v. Fortson, 828 So. 2d 1048 (Fla. 1st DCA 2002).

---

[2] The trial court's written findings also state that it relied on the arrest affidavit and the conduct described therein in concluding that Taylor presented a danger to the community.

3

REVERSED AND REMANDED FOR RESENTENCING.

SAWAYA and EDWARDS, JJ., concur.