# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0213
_____

MARICA WHITE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.


August 6, 2025

PER CURIAM.

Marica White appeals the trial court's order denying her postconviction motion to correct her illegal sentence under Florida Rule of Criminal Procedure 3.800(a). White alleged that her sentence of life imprisonment was unconstitutional. We affirm and warn White against future frivolous filings.

Following her jury trial twenty-five years ago, White was convicted of first-degree murder, armed robbery, and kidnapping. The trial court sentenced her to life in prison. White argued below that her sentence was unconstitutional because life imprisonment is an indefinite term of imprisonment imposed in violation of the Florida Constitution. Because a constitutional challenge to a sentencing statute cannot be raised for the first time in a

postconviction motion, the trial court did not err when it denied relief. *Pleas v. State*, 41 So. 3d 980, 981 (Fla. 1st DCA 2010). White's argument also lacks merit. *See Ratliff v. State*, 914 So. 2d 938, 940 (Fla. 2005) (holding that a sentence of life imprisonment does not violate the prohibition against indefinite terms of imprisonment).

Because we find this appeal to be frivolous, we warn White that the filing of any additional frivolous or repetitive appeals or petitions may result in the imposition of sanctions, including a prohibition against any future pro se filings in this court. *See State v. Spencer*, 751 So. 2d 47, 49 (Fla. 1999) (holding that a court may deny a petitioner's pro se access to that court, after the petitioner fails to show cause pursuant to a show cause order, when the petitioner has filed repetitious and frivolous pleadings that diminish the court's ability to devote its finite resources to legitimate claims); *Ferris v. State*, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring) ("The postconviction process and the appellate courts do not exist simply to give prisoners something to do while they serve their sentences.").

AFFIRMED.

OSTERHAUS, C.J., and ROWE and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Marica White, pro se, Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.